*Feebaid*
*SV*

FILED

2008 MAY 23 P 1:57

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

1 **GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
2 James A. Lowe (SBN 215383)
Christopher G. Lai (SBN 249425)
3 18400 Von Karman Avenue, Suite 300
Irvine, California 92612
4 Telephone: (949) 553-1010
Facsimile: (949) 553-2050
5 jal@gauntlettlaw.com
cl@gauntlettlaw.com
6
Attorneys for Plaintiff
7 E.PIPHANY, INC.

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 E.PIPHANY, INC., a California corporation,    Case: **C08   02621  PVT**

12                      Plaintiff,              ) **COMPLAINT FOR:**
                                                )
13                                              ) (1)  **DECLARATORY JUDGMENT;**
                                                ) (2)  **BREACH OF CONTRACT**
14        vs.                                   )
                                                ) **JURY TRIAL DEMANDED**
15                                              )
ST. PAUL FIRE & MARINE INSURANCE                )
16 COMPANY, a Minnesota corporation,            )
                                                )
17                                              )
                      Defendant.                )
18                                              )

19

20

21

22

23

24

25

26

27

28

COMPLAINT

10513-001-5/22/2008-161098.2

Plaintiff E.piphany, Inc. ("E.piphany") seeks a declaratory judgment and damages from St. Paul Fire & Marine Insurance Company ("St. Paul") for breach of contract.

## JURISDICTION

1.      This is an action for declaratory relief and breach of contract pursuant to 28 U.S.C. § 2201. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties as E.piphany was at all relevant times a California corporation and defendant St. Paul is a Minnesota corporation with its principal place of business in Minnesota.

2.      The amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs and, in addition to other and further relief, declaratory relief sought. This is because E.piphany incurred post-tender defense costs in excess of $75,000.00 defending a lawsuit styled as *Sigma Dynamics, Inc. v. E.piphany, Inc.*, United States District Court, Northern District of California, San Francisco Div., Case No. C-04-0569 ("*Sigma I*").

## THE PARTIES

3.      E.piphany was a California corporation and maintained its principal place of business in San Mateo, California at all relevant times herein.

4.      St. Paul is, and at all times herein mentioned, was an insurance company organized and existing under the laws of the state of Minnesota with its principal place of business in St. Paul, Minnesota. St. Paul is admitted to transact insurance business in the state of California.

## VENUE AND APPLICABLE LAW

5.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(a) and (c) in that E.piphany maintained its principal place of business in San Mateo County, California.

6.      St. Paul is an insurance company actively selling insurance policies in California and is licensed to sell insurance by the California Department of Insurance. St. Paul sold the insurance policy at issue in this case to a business in the Northern District of California. If the Northern District of California were a separate state, St. Paul would have sufficient contacts to be subject to personal jurisdiction in this District.

7.      Venue is proper in this district because a substantial part of the events or omissions

10513-001-5/22/2008-161098.2                                    1                                    **COMPLAINT**

1    giving rise to the claims alleged herein occurred in this District. This complaint concerns a contract

2    for liability insurance sold by St. Paul to E.piphany (the "St. Paul Policy") created in the Northern

3    District where St. Paul actively sells insurance policies and where E.piphany received the pertinent

4    policy.

5        8.    The alleged wrongful conduct described in the underlying complaint (the "*Sigma I*

6    complaint") occurred within the Northern District of California.

7        9.    The *Sigma I* action was venued in the United States District Court for the Northern

8    District of California.

9        10.    The St. Paul policy was intended to cover E.piphany's business operations throughout

10    California, including the Northern District of California, as well as throughout the United States.

11        11.    The substantive rights of the parties are governed by the law of California because the

12    contract at issue in this case was executed in California, there is no evidence that the parties did not

13    intend to contract pursuant to the laws of the state of California, the underlying claim arises in

14    California, and the policies and interests of California would be most seriously impaired if it laws

15    were not applied. Moreover, the performance required by this policy, the performance of attorneys'

16    defense services, occurred within the Northern District of California.

### THE ST. PAUL POLICY

18        12.    St. Paul issued to E.piphany its Comprehensive General Liability Policy, with

19    Umbrella Excess Liability coverage, Policy no. TE09405602 with the effective dates of 6/24/02 to

20    6/24/03 (the "Policy").

21        13.    This Policy promised that St. Paul would defend and indemnify E.piphany from any

22    claims arising out of "Personal Injury" or "Advertising Injury":

> We'll have the right and duty to defend any protected person against a
> claim or suit for injury or damage covered by this agreement. We'll
> have such right and duty even if all the allegations of the claim or suit
> are groundless, false, or fraudulent . . . .

26        14.    The policy defines "personal injury" as follows:

> *Personal injury* means injury, other than bodily injury or advertising
> injury, that's caused by a personal injury offense.

28

1

*Personal injury offense* means any of the following offenses:

. . . .

2
- Libel, or slander, in or with covered materials
- Making known to any persons or organization covered material

3
    that disparages the business, premises, products, services, work, or completed work of others.

4

5

15.    The policy defines "advertising injury" as follows:

6

*Advertising injury* means injury, other than bodily injury or personal injury, that's caused by an advertising injury offense.

7

*Advertising injury offense* means any of the following offenses:

8
- Libel, or slander, in or with covered materials
- Making known to any persons or organization covered material

9
    that disparages the business, premises, products, services, work, or completed work of others.

10

11

16.    The policy defines "covered material" as follows:

12

*Covered material* means any material in any form of expression, including material made known in or with any electronic means of communication, such as the Internet.

13

14

**NATURE OF THE CASE**

15

17.    This is an insurance coverage lawsuit seeking to establish that St. Paul had a duty to

16

defend the *Sigma I* action and to pay all necessary and reasonable defense expenses.

17

18.    On February 12, 2004, Sigma filed the *Sigma I* complaint against E.piphany alleging

18

five distinct causes of action, including: (1) false advertising and unfair competition under 15

19

U.S.C. § 1125(a); and (2) false advertising under Cal. Business & Professions Code § 17500; and (3)

20

common law unfair competition.

21

19.    The *Sigma I* complaint alleged E.piphany published disparaging remarks about

22

Sigma's Java 2 Platform, Enterprise Edition ("J2EE") software products by claiming that

23

E.piphany's competing software product was the first and then-only creator of a complete customer

24

relationship management ("CRM") software suite built on the J2EE platform and that E.piphany was

25

"a couple of years ahead of all competition," as well as the "first to offer an end-to-end CRM suite

26

designed and built on a unified J2EE-based platform."

27

20.    In the *Sigma I* complaint, each of these characteristics of E.piphany's software was

28

alleged by Sigma to be of value to its customers as well as those of E.piphany. Sigma alleged that

1  E.piphany made false statements that created the impression among these customers that E.piphany's

2  products had superior characteristics compared to all other J2EE software solutions, which

3  necessarily included those of Sigma.

4       21.    E.piphany's statements necessarily disparaged Sigma, who expressly alleged that (1)

5  its customers would believe that these statements by E.piphany were true, and, (2) because Sigma

6  and E.piphany were essentially the two main competitors in this market, that customers would

7  abandon Sigma's products in favor of E.piphany's, believing that Sigma's competitive CRM

8  products were inferior to those of E.piphany's.

9       22.    St. Paul had a broad duty to defend its insured, E.piphany, in the *Sigma I* action.  This

10  duty was triggered by fact allegations in the complaint that evidence E.piphany's disparagement of

11  Sigma:

12       23.    Complaint ¶ 17 alleged:

13      [E.piphany made] public claims, since at least August 2002, that it "is
the first full suite CRM vendor to market a complete product suite

14      built on J2EE" and that it has released "the only component-based,
fully J2EE complete CRM suite available" . . . .

15

16       24.    Complaint ¶ 20 alleged:

17      On October 17, 2002, E.piphany issued its Q302 earnings press
release, in which then Chief Executive Officer Roger Siboni was

18      quoted as stating, "The launch of E.6 Service in August completed the
E.6 Platform, the only component based, fully J2EE complete CRM

19      suite available."

20       25.    Complaint ¶ 31 alleged:

21      E.piphany issued a worldwide press release . . . on August 20, 2002,
entitled *Patricia Seybold Group Designates E.piphany E.6 as the Best*

22      *CRM Architecture*.  In the press release, E.piphany also stated that
"E.piphany E.6 is the first end to end CRM suite designed and built on

23      a unified J2EE-based platform."

24       26.    Sigma also alleges that the foregoing statements have damaged it.  Complaint ¶ 9

25  alleged:

26      The foregoing literally false, deceptive, and misleading representations
by E.piphany about its technology have damaged, and continue to

27      present the likelihood of damage, to Sigma Dynamics.  E.piphany's
literally false, deceptive, and misleading representations have damaged

28      Sigma's market share, sales, profits, business relationships, reputation,

1    and goodwill and have caused potential purchasers of Sigma's product
     and services to choose E.piphany's products and services instead of
2    Sigma's. Such representations have caused E.piphany to gain, and
     Sigma to lose, profits, market share, reputation, and goodwill.

3

4       27.    The second cause of action in the *Sigma I* complaint specifically alleges that

5    E.piphany's allegedly false representations about "competing products" (rather than E.piphany's

6    own products) are the cause of damage. Complaint ¶ 48 alleged:

7           By the acts described above, E.piphany has made, and continues to
            make false and misleading statements in connection with the sale of
8           competing products and service in violation of California Business and
            Professions Code Sections 17500 *et seq.*, causing injury to Sigma
9           Dynamics and its business and property.

10      28.    Complaint ¶ 50 alleged:

11          E.piphany's acts described above, including E.piphany's literally false,
            misleading, and deceptive advertising and promotional activities, have
12          caused injury to Sigma Dynamics and the general public . . . .

13      29.    On July 27, 2005 the *Sigma I* court approved a Stipulation of Dismissal filed by

14   Sigma following the court's granting of a Motion for Summary Judgment in E.piphany's favor.

15   Only E.piphany's defense fees are at issue in this case because there is no adverse judgment to

16   indemnify.

17                **TENDER AND FAILURE TO EVALUATE DUTY TO DEFEND**

18      30.    Aon, E.piphany's insurance broker, tendered the defense of the *Sigma I* lawsuit to

19   St. Paul on or about July 22, 2004.

20      31.    St. Paul denied E.piphany a defense on July 27, 2004. Aon then sent St. Paul a

21   request for reconsideration of its disclaimer. St. Paul subsequently reaffirmed its denial of a defense

22   on numerous occasions.

23                            **FIRST CAUSE OF ACTION**

24                      **(Declaratory Relief – Duty to Defend)**

25      32.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth

26   herein. A valid contract existed between E.piphany and St. Paul, namely the St. Paul Policy.

27      33.    E.piphany has fully performed all of the obligations and conditions to be performed

28   by it under the St. Paul Policy and/or has been excused from performing same as a result of

1    St. Paul's breach of its duty to defend.

2         34.    By issuing and delivering the Policy, St. Paul agreed to provide a defense for suits

3    seeking damages for "personal injury" and "advertising injury" offenses as defined in its Policy.

4         35.    St. Paul is obligated under the Policy to pay attorneys' fees and costs incurred in the

5    defense of the *Sigma I* action.  St. Paul breached its duties to E.piphany by failing to provide a

6    defense even though the *Sigma* I complaint expressly contained fact allegations that evidence

7    E.piphany's disparagement of Sigma.

8         36.    An actual bona fide controversy exists between E.piphany, on the one hand, and

9    St. Paul, on the other, which requires judicial declaration by this Court of the parties' rights and

10   duties regarding St. Paul's duty to defend E.piphany and as to the amount of defense expenses owed

11   by St. Paul.

12                          **SECOND CAUSE OF ACTION**

13                      **(Breach of Contract – Duty to Defend)**

14        37.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth

15   herein.

16        38.    St. Paul breached its duty to defend the *Sigma I* complaint.

17        39.    As a direct and proximate result of the breach by St. Paul, E.piphany has suffered

18   damages in the form of unreimbursed attorneys' fees, plus pre-judgment interest thereon from the

19   date of each invoice at the legal rate of 10% (pursuant to Calif. Civil Code § 3287(a)).

20                              **PRAYER FOR RELIEF**

21        WHEREFORE, Plaintiff E.piphany prays for judgment against Defendant St. Paul as

22   follows:

23        1.    That the Court issue judgment declaring St. Paul had a duty to defend E.piphany

24   under the Commercial General Liability policy it issued to E.piphany against claims asserted in the

25   *Sigma I* complaint;

26        2.    That the Court issue judgment declaring St. Paul breached its duty to defend and must

27   promptly pay all attorneys' fees and costs incurred by E.piphany in defense of the claims asserted in

28   the *Sigma I* complaint, with pre-judgment interest accruing thereon from the date of each invoice at

1 the legal rate of 10% per annum;

2    3.    For costs of suit herein; and

3    4.    For such other and further relief as this Court may deem just and proper.

4

5

6 Dated:   May 22, 2008         **GAUNTLETT & ASSOCIATES**

7

8                       By:

                         David A. Gauntlett

9                          James A. Lowe

                         Christopher G. Lai

10

11                      Attorneys for Plaintiff

                     E.piphany, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

E.PIPHANY, INC., a California corporation

## DEFENDANTS

ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation

**(b)** County of Residence of First Listed Plaintiff  San Mateo, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David A. Gauntlett; James A. Lowe, Christopher G. Lai
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, CA 92612; Phone: 949-553-1010; FAX 949-553-2050

Attorneys (If Known)

**C08  02621  PVT**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **LABOR** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332 and 2201

Brief description of cause:
PLAINTIFF ASSERTS CLAIM FOR DECLARATORY RELIEF AND BREACH OF CONTRACT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
May 22, 2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# **INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: <u>47 USC 553</u>
                                  Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.