SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
MICHAEL A. TOPP  Bar No. 148445
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
Email:  michael.topp@sdma.com
        bruce.celebrezze@sdma.com

Attorneys for Defendant
ST. PAUL FIRE AND MARINE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| E.PIPHANY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>Defendant. | CASE NO. C08 02621 JW<br><br>**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), in answer to the complaint filed by plaintiff E.piphany, Inc., hereby states as follows:

1.      In response to paragraph 1 of the complaint, St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff was at all relevant times a California corporation. St. Paul admits the averment that it is a Minnesota corporation with its principal place of business in Minnesota, and admits that this court has jurisdiction over the action.

2.      St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the complaint.

3.      St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the complaint.

4.      St. Paul admits the averments contained in paragraph 4 of the complaint.

5.      St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the complaint, but admits that venue is proper in the Northern District of California.

6.      In response to paragraph 6 of the complaint, St. Paul admits that it is licensed to transact insurance in the State of California and in fact did so. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 6 of the complaint.

7.      St. Paul admits that the complaint concerns a contract of insurance issued by St. Paul to E.piphany, Inc., and that venue is proper in the Northern District of California. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of the complaint.

8.      St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the complaint.

9.      St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the complaint.

10.     In response to paragraph 10 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. To the extent that any of the averments contained in paragraph 10 of the complaint are to the contrary, St. Paul denies each and every such averment.

11.     In response to paragraph 11 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. To the extent that any of the averments contained in paragraph 11 of the complaint are to the contrary, St. Paul denies each and every such averment.

12. In response to paragraph 12 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. To the extent that any of the averments contained in paragraph 12 of the complaint are to the contrary, St. Paul denies each and every such averment.

13. In response to paragraph 13 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. To the extent that any of the averments contained in paragraph 13 of the complaint are to the contrary, St. Paul denies each and every such averment.

14. In response to paragraph 14 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. To the extent that any of the averments contained in paragraph 14 of the complaint are to the contrary, St. Paul denies each and every such averment.

15. In response to paragraph 15 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. To the extent that any of the averments contained in paragraph 15 of the complaint are to the contrary, St. Paul denies each and every such averment.

16. In response to paragraph 16 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. To the extent that any of the averments contained in paragraph 16 of the complaint are to the contrary, St. Paul denies each and every such averment.

17. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of the complaint.

18. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 18 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

19. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 19 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

20. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 20 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

21. St. Paul denies the averments contained in paragraph 21 of the complaint.

22. In response to paragraph 22 of the complaint, St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. St. Paul denies each and every remaining averment contained in paragraph 22 of the complaint.

23. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 23 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

24. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and

1 characterizations of paragraph 24 of the complaint to the extent they are inconsistent with the
2 averments of the operative complaint in the *"Sigma I"* action.

3   25.   St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 25 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

   26.   St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 26 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

   27.   St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 27 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

   28.   St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of the complaint. The operative complaint in the *"Sigma I"* action, in its entirety, speaks for itself. St. Paul denies the averments and characterizations of paragraph 28 of the complaint to the extent they are inconsistent with the averments of the operative complaint in the *"Sigma I"* action.

   29.   St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the complaint.

   30.   St. Paul admits that it received notice of the *"Sigma I"* action on or about July 22, 2004, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the complaint.

31. St. Paul admits that it sent a letter to E.piphany, Inc. and its insurance broker on or about July 27, 2004, declining to afford defense and indemnity to E.piphany, Inc. in the *"Sigma I"* action; that St. Paul subsequently communicated with E.piphany, Inc. and its insurance broker concerning the *"Sigma I"* action; and that St. Paul never agreed to afford defense and indemnity to E.piphany, Inc. in the *"Sigma I"* action. St. Paul otherwise is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of the complaint.

32. St. Paul incorporates by reference all preceding paragraphs of this answer as though fully incorporated herein. St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 32 of the complaint.

33. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the complaint, except that St. Paul denies the averments that E.piphany, Inc. has been excused from performing any of the obligations or conditions under Policy No. TE09405602 and St. Paul denies that it has breached a duty to defend.

34. St. Paul admits that it issued Policy No. TE09405602 to E.piphany, Inc., and that said policy provided insurance pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein, and otherwise denies the averments contained in paragraph 34 of the complaint.

35. St. Paul denies the averments contained in paragraph 35 of the complaint.

36. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments that a controversy exists between plaintiff and St. Paul concerning the parties' rights and obligations under Policy No. TE09405602 in relation to claims asserted in the *"Sigma I"* action, and otherwise denies the averments contained in paragraph 36 of the complaint.

37. St. Paul incorporates by reference all preceding paragraphs of this answer as though fully incorporated herein. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37 of the complaint.

38. St. Paul denies the averments contained in paragraph 38 of the complaint.

39. St. Paul denies the averments contained in paragraph 39 of the complaint.

40. St. Paul denies that the plaintiff is entitled to the relief requested in its Prayer for Relief, or any relief at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

St. Paul alleges that the complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that plaintiff has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against St. Paul must be reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE

St. Paul has at all times exercised due care concerning any actions, conduct, or other matters alleged in the complaint, or any purported claim asserted therein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of any actions taken by St. Paul, and plaintiff is thus barred from asserting the complaint, or any purported claim, against St. Paul.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

St. Paul alleges that E.piphany, Inc. has failed to set out its claims with sufficient particularity to permit St. Paul to raise all appropriate defenses and, thus, St. Paul reserves its rights to add additional defenses as a factual basis for these claims becomes known.

### PRAYER FOR RELIEF

WHEREFORE, defendant St. Paul Fire and Marine Insurance Company prays for judgment as follows:

1. That plaintiff take nothing by reason of its complaint; and

2. That defendant St. Paul Fire and Marine Insurance Company be awarded costs of suit herein, and such other and further relief as the court deems just and proper.

DATED: July 15, 2008       SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ Michael A. Topp
    BRUCE D. CELEBREZZE
    MICHAEL A. TOPP
    Attorneys for Defendant
    ST. PAUL FIRE AND MARINE INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant St. Paul Fire and Marine Insurance Company hereby demands a trial by jury.

DATED: July 15, 2008       SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ Michael A. Topp
    BRUCE D. CELEBREZZE
    MICHAEL A. TOPP
    Attorneys for Defendant
    ST. PAUL FIRE AND MARINE INSURANCE COMPANY