1 SEDGWICK, DETERT, MORAN & ARNOLD LLP
  BRUCE D. CELEBREZZE  Bar No. 102181
2 MICHAEL A. TOPP  Bar No. 148445
  SIGRID IRÍAS  Bar No. 129319
3 One Market Plaza
  Steuart Tower, 8th Floor
4 San Francisco, California 94105
  Telephone: (415) 781-7900
5 Facsimile:  (415) 781-2635
  Email:  bruce.celebrezze@sdma.com
6         michael.topp@sdma.com
          sigrid.irias@sdma.com
7
  Attorneys for Defendant
8 ST. PAUL FIRE AND MARINE
  INSURANCE COMPANY
9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13 INFOR GLOBAL SOLUTIONS                CASE NO. C08 02621 JW
   (MICHIGAN), INC., a Michigan
14 corporation,                          **NOTICE OF MOTION AND
                                         MOTION OF DEFENDANT ST.
15         Plaintiff,                     PAUL FIRE AND MARINE
                                         INSURANCE COMPANY RE ST.
16     v.                                PAUL'S RIGHT TO JURY TRIAL
                                         TO DETERMINE DAMAGES;
17 ST. PAUL FIRE AND MARINE             MEMORANDUM OF POINTS AND
   INSURANCE COMPANY, a Minnesota       AUTHORITIES**
18 corporation,
                                         **JUDGE:  THE HON. JAMES WARE
19         Defendant.                     DATE:    APRIL 6, 2009
                                         TIME:     9:00 A.M.**
20

21

22

23

24

25

26

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1569263v2                                    CASE NO. C08 02621 JW

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ........................................................................................................ 2

II.   SUMMARY OF ARGUMENT ...................................................................................... 3

III.  ARGUMENT .............................................................................................................. 4

      A.    Background ..................................................................................................... 4

      B.    A Jury Trial Is Necessary For St. Paul To Counter Infor's Claims That
            Its Contract Damages Include Money Spent To Litigate Completely
            Separate Trade Secret Claims ........................................................................ 5

      C.    The Seventh Amendment Mandates Trial By Jury In Actions At Law
            As Opposed To Actions In Equity .................................................................. 8

      D.    Infor's Breach Of Contract Claim Is An Action At Law, Involving
            Both Legal and Factual Disputes, and Not An Action In Equity ..................... 9

      E.    Infor's Authorities Are Not In Point To The Question Posed Here ................. 10

      F.    St. Paul Has Not Consented To The Withdrawal Of Infor's Jury
            Demand ......................................................................................................... 16

IV.   CONCLUSION ......................................................................................................... 17

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

# TABLE OF AUTHORITIES

**PAGE**

## FEDERAL CASES

*Allied Mut. Ins. Co. v. Dakota Rose, Inc.*,
   43 F.Supp.2d 1081 (D.S.D. 1999) ........................................................................9

*Baylis v. Travelers' Ins. Co.*,
   113 U.S. 316, 5 S.Ct. 494, 28 L.Ed. 989 (1885) ..................................................9

*Beacon Theatres, Inc. v. Westover*,
   359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) ..............................................9

*Burlington Northern R. Co. v. Nebraska Public Power Dist.*,
   931 F.Supp. 1470 (D.Neb. 1996) ..........................................................................9

*Comark Communications, Inc. v. Harris Corp.*,
   No. 95-2123, 1998 U.S. Dist. LEXIS 4036 (E.D.Pa. Mar. 30, 1998)..................14

*Davis  & Cox v. Summa Corp.*,
   751 F.2d 1507 (9th Cir. 1985) ............................................................................14

*Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.*,
   743 F.2d 932 (D.C.Cir. 1984)..............................................................................15

*Granfinanciera, S.A. v. Nordberg*,
   492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) ..........................................9

*Howes v. Medical Components, Inc.*,
   761 F.Supp. 1193 (E.D.Pa. 1990) .......................................................................14

*Mutual of New York v. Shaya*,
   970 F.Supp. 1226 (E.D.Mich. 1997)....................................................................10

*Prudential Oil Corp. v. Phillips Petrol. Co.*,
   392 F.Supp. 1018 (S.D.N.Y. 1975)........................................................................9

*Seaboard Lumber Co. v. U.S.*,
   903 F.2d 1560 (Fed.Cir. 1990) ..............................................................................9

*Simler v. Conner*,
   372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963)................................................9

*Superior Form Builders v. Dan Chase Taxidermy Supply Co., Inc.*,
   881 F. Supp. 1021 (E.D.Va. 1994) ......................................................................14

*Travelers Indem. Co. v. State Farm Mut. Auto. Ins. Co.*,
   330 F.2d 250 (9th Cir. [Cal.] 1964) ...............................................................10, 16

*Tull v. United States*,
   481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)..........................................9

*Ultra Coachbuilders, Inc. v. General Security Ins. Co.*,
   229 F.Supp.2d 284 (S.D.N.Y. 2002).....................................................................15

SEDGWICK
DETERT, MORAN & ARNOLD LLP

**Table of Authorities**
(Continued)

**PAGE**

*Zurich Ins. Co. v. Killer Music, Inc.,*
    998 F.2d 674 (9th Cir. 1993) ...................................................................................13

**STATE CASES**

*American Motorists Ins. Co. v. Superior Court,*
    68 Cal.App.4th 864, 80 Cal.Rptr.2d 621 (1998).........................................11, 12

*Brandt v. Superior Court,*
    37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796 (1985) ...............................16

*CDF Firefighters v. Maldonado,*
    158 Cal.App.4th 1226, 70 Cal.Rptr.3d 667 (2008)..........................................2

*Foxfire, Inc. v. New Hampshire Ins. Co.,*
    1994 WL 361815 (N.D.Cal., July 1,  1994)...........................................13, 14

*Marie Y. v. General Star Indem. Co.,*
    110 Cal.App.4th 928, 2 Cal.Rptr.3d 135 (2003)..........................................10

*Samson v. Transamerica Ins. Co.,*
    30 Cal.3d 220, 178 Cal.Rptr. 343, 636 P.2d 32 (1981) ...............................13

*St. Paul Fire and Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.,*
    101 Cal.App.4th 1038, 124 Cal.Rptr.2d 818 (2002)......................................10

**DOCKETED CASES**

*E.Piphany v. Michel Adar, San Mateo County Superior Court,*
    Case No. 454338 .............................................................................................6, 7

*E.piphany v. Sigma, et al., San Mateo Superior Court,*
    Case No. 439133 ...............................................................................................6

*E.piphany v. Sigma, San Mateo Superior Court,*
    Case No. 434833 ...............................................................................................5

*Sigma v. E.piphany, U.S. District Court, N.D.Cal.,*
    Case No. 04-00569 ("Sigma I") .....................................2, 4, 5, 7, 8,
                                                                                                10, 11, 12

*Sigma v. E.piphany, U.S. District Court, N.D.Cal.,*
    Case No. 05-01852............................................................................................6

**FEDERAL STATUTES**

17 United States Code
    § 505....................................................................................................................14

28 United States Code
    § 1961....................................................................................................................15

**Table of Authorities**
**(Continued)**

PAGE

35 United States Code
§ 285........................................................................................................................14

Federal Rules of Civil Procedure
Rule 38...........................................................................................................1, 3, 16, 17
Rule 38(b) .................................................................................................................16
Rule 38(d) .................................................................................................................16
Rule 39 ......................................................................................................................16

**STATE STATUTES**

California Civil Code
§ 3287(a) ..................................................................................................................15

SEDGWICK
DETERT, MORAN & ARNOLD LLP

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 6, 2009, at 9:00 a.m., before the Honorable James Ware, in Courtroom 8 of the United States Courthouse, located at 280 South 1st Street, 4th Floor, San Jose, California, defendant St. Paul Fire and Marine Insurance Company will, and hereby does, move the court for an order confirming its right to a jury trial to determine the damages recoverable by plaintiff Infor Global Solutions (Michigan), Inc. on its cause of action for breach of contract.

The motion is and will be brought on the grounds that a breach of contract action, including the determination of damages thereunder, is not an equitable claim but rather a claim at law as to which the parties have a Constitutional right to trial by jury under the Seventh Amendment. This is particularly true where, as here, there are many factual questions regarding the amount of damages that may be recoverable. Both the plaintiff and St. Paul Fire and Marine Insurance Company properly demanded a jury trial pursuant to Fed.R.Civ.P. 38, and St. Paul Fire and Marine Insurance Company has not consented to the plaintiff's withdrawal of its jury demand.

This motion will be and is based upon this notice of motion and motion, the attached memorandum of points and authorities, the declaration of Sigrid Irias, the papers, records, and pleadings on file herein, and upon such other matters or argument as may be presented at or before the time of hearing.

DATED: March 2, 2009          Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:_____
BRUCE D. CELEBREZZE
Attorneys for Defendant
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.        INTRODUCTION

Plaintiff Infor Global Solutions (Michigan), Inc. filed this breach of contract action against defendant St. Paul Fire and Marine Insurance Company, alleging that St. Paul breached its insurance policy by failing to defend a single underlying lawsuit (as defined herein, the *Sigma I* action) against Infor's predecessor, E.piphany, Inc., alleging false advertisement under the Lanham Act.  The elements of a cause of action for breach of contract are (1) the existence of a contract; (2) performance by the plaintiff or excuse for non-performance; (3) breach by the defendant; and (4) damages to the plaintiff as a result of the breach.  *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008).

This Court has ruled that St. Paul breached the insurance contract by failing to defend the *Sigma I* action.  (Docket 55.)  However, there has been no determination of Infor's damages – a necessary element for Infor to be entitled to any recovery on its cause of action for breach of contract – and that issue, including a multitude of disputed facts regarding the alleged damages, remains to be tried.

Despite demanding a trial by jury in its complaint, Infor filed a supplemental report and case management statement on January 5, 2009 (Docket 56), in which it stated that "[t]he remaining legal issue is the amount of defense costs from the *Sigma I* action that Infor is entitled to recover in light of the Court's summary judgment order."  Docket 56, at 3:2-3.  The statement went on to assert that Infor's damages should be determined by motion.  *Id.* at 3:3-5:4.  Specifically, Infor stated that it "expects to file a quantification motion to determine damages."  *Id* at 5:6-7.  Infor seems to be suggesting to the Court that it has prevailed in the case and the only thing left to do is figure out "in equity" how much it is entitled to recover as damages.  This is simply false.  Infor has not won the case:  damages are one of the four necessary elements to prove its breach of contract cause of action.

In St. Paul's separate supplemental case management statement, St. Paul noted that it is entitled to a jury trial to resolve any disputed factual issues relevant to Infor's damages claim.  (Docket 57, at 3:20-21.)  This is not a case, despite what Infor seems to suggest, in which the

1    prevailing party is entitled by statute or contract to recover its attorneys' fees in prosecuting or

2    defending itself.  Rather, this is a pure breach of contract action, in which damages is one of the

3    essential elements which that plaintiff must prove.  There are factual disputes here, as to the

4    amount of damages that Infor is entitled to recover, and there are legal issues as to the

5    recoverability of certain categories of damages sought by Infor.  Infor is not yet a prevailing

6    party, as it has not proven its damages, a critical element of a breach of contract cause of action.

7    The damages issues are not equitable in nature and, hence, St. Paul is entitled to a jury trial.

8            On January 7, 2009, the Court issued an order vacating the case management conference

9    and setting a hearing on the method of determining damages.  Specifically, the Court stated that

10   in their respective case management statements, "the parties represent that the major remaining

11   issue in this action is the method by which Plaintiff's damages will be determined.  Plaintiff

12   contends that this issue can be resolved by motion, while Defendant contends that it is entitled to

13   a jury trial on the damages issue.  Given that this dispute involves a question of law, the Court

14   directs the parties to file cross-motions on the issue of the method the Court should follow in

15   determining damages."  (Docket 59, at 1:17-21.)

16                          **II.    <u>SUMMARY OF ARGUMENT</u>**

17           Infor's suit for breach of contract is an action at law involving factual and legal disputes;

18   it is not an action for equitable relief.  The Supreme Court's Seventh Amendment jurisprudence

19   establishes that the Constitution guarantees the right to jury trial in all actions that are legal

20   rather than equitable in nature.  As its prayer in its first amended complaint here makes clear,

21   Infor seeks damages for breach of contract, a claim involving many disputed facts and a remedy

22   which is plainly legal in nature, rather than equitable.  In their complaints and answers

23   respectively, each party properly demanded a jury trial under Fed.R.Civ.P. 38.  (Complaint,

24   Docket 1; Answer to Complaint, Docket 19; First Amended Complaint, Docket 36; Answer to

25   First Amended Complaint, Docket 41.)  St. Paul does not consent to Infor's withdrawal of its

26   jury demand and St. Paul has not waived its right to trial by jury.

27           Therefore, under the Seventh Amendment to the United States Constitution, St. Paul has

28   a fundamental constitutional right to have a jury trial to resolve the many factual disputes raised

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

by Infor's claim for damages for breach of contract.

## III.   ARGUMENT

### A.   Background

St. Paul issued a commercial general liability policy to Infor's predecessor, E.piphany, Inc.  Sigma Dynamics, a competitor, filed a complaint against E.piphany in the Northern District of California, Case No. 04-00569 MJJ, for Lanham Act false advertising (the "*Sigma I*" action).

E.piphany tendered the defense of the *Sigma I* case to St. Paul.  St. Paul declined the tender of defense.  E.piphany paid its own attorneys' fees and costs in the *Sigma I* case, and ultimately prevailed on summary judgment in that action.

Infor's first amended complaint in this action asserts two causes of action against St. Paul:  (1) declaratory judgment, and (2) breach of contract.  With respect to the declaratory judgment cause of action, Infor prayed that the Court "issue judgment declaring St. Paul had a duty to defend E.piphany under the Commercial General Liability policy it issued to E.piphany against claims asserted in the *Sigma I* complaint."  (Docket 36, at 6:26-28.)  In the breach of contract cause of action, Infor alleged that it incurred damages for the breach of the duty to defend:  "As a direct and proximate result of the breach by St. Paul, E.piphany suffered damages and Infor, as successor-in-interest to E.piphany, is entitled to damages in the form of unreimbursed attorneys' fees, plus pre-judgment interest thereon from the date of each invoice at the legal rate of 10% (pursuant to Calif. Civil Code § 3287(a))."  (Docket 36, at 6:20-23.)

Infor moved for partial summary judgment that St. Paul breached its duty to defend.  On December 16, 2008, the Court issued its order (Docket 55) granting Infor's motion and ruling that "Since Defendant undisputedly refused Plaintiff's tender of the defense in the Underlying Action, the Court finds that Defendant breached its duty to defend."  (Docket 55, at 10:14-16.)  The issue remaining is the amount of damages Infor can prove that it incurred as a result of the Court's determination that it breached its insurance contract.

/ / /

/ / /

/ / /

**B.** **A Jury Trial Is Necessary For St. Paul To Counter Infor's Claims That Its Contract Damages Include Money Spent To Litigate Completely Separate Trade Secret Claims**

As outlined below, there are significant factual disputes about the damages Infor claims it is entitled to recover following the Court's ruling that found a duty to defend the *Sigma I* action. These factual issues go far beyond a simple determination of whether fees incurred in the *Sigma I* action were necessary and reasonable.

On December 18, 2008, Infor's counsel presented St. Paul with invoices from its counsel, O'Melveny & Myers LLP, spanning from October 2003 through October 2006.[1] Between October 2003 and October 2006, O'Melveny & Myers LLP represented Infor's predecessors in interest – E.Piphany and SSA Global – in at least **seven** litigated matters.[2] The defense of only one of the seven cases – *Sigma I* – is at issue in this lawsuit against St. Paul. Nonetheless, on February 17, 2009, St. Paul received verified interrogatory responses (Irias Dec., Ex. M) in which Infor asserted for the first time that the damages it seeks in this action include not only the attorneys' fees and expenses E.piphany incurred in defending *Sigma I*, but in addition – despite limiting its first amended complaint in this action to the defense costs in *Sigma I* (Docket 36, at 7:1-3) – seeks attorneys' fees and costs in its own actions against Sigma and others, *including several million dollars incurred after the court granted summary judgment in the Sigma I case.* These cases are:

(1) *E.piphany v. Sigma*, San Mateo Superior Court, Case No. 434833, alleging false advertising and unfair competition; filed on October 14, 2003, voluntarily dismissed on September 23, 2004.[3]

(2) *Sigma v. E.piphany*, U.S. District Court, N.D.Cal., Case No. 04-00569 ("*Sigma I*"), alleging false advertising and unfair competition; filed on February 10, 2004; tendered to St. Paul for defense on July 22, 2004; summary judgment

---

[1] Irías Dec., Ex. A.
[2] Irías Dec., Exs. B, C, D, F, I, J K, and L.
[3] Irias Dec., Ex. C.

-5-                                                    CASE NO. C08 02621 JW

NOTICE OF MOTION AND MOTION BY DEF. ST. PAUL RE RIGHT TO JURY TRIAL

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1   granted in favor of E.piphany and judgment entered on May 31, 2005; stipulation

2   of dismissal filed on July 26, 2005.[4]

3   (3)   *E.piphany v. Sigma, et al.*, San Mateo Superior Court, Case No. 439133, alleging

4   trade secret misappropriation, conversion, and unfair competition against Sigma

5   and two former E.piphany employees; filed on May 4, 2004; bench trial from

6   May 31, 2005[5] to July 8, 2005; judgment entered in E.piphany's favor on May 31,

7   2006; stipulation of dismissal filed on August 25, 2006.[6]

8   (4)   *Sigma v. E.piphany*, U.S. District Court, N.D.Cal., Case No. 05-01852, alleging

9   interference with prospective economic advantage, trade libel, and false

10   advertising; filed on May 5, 2005; stipulation of dismissal filed on July 26, 2005.[7]

11   (5)   *E.Piphany v. Michel Adar*, San Mateo County Superior Court, Case No. 454338,

12   alleging trade secret misappropriation and breach of contract; filed on April 20,

13   2006; voluntarily dismissed on August 25, 2006.[8]

14   (6)   *SSA Global and E.piphany Inc. vs. Earl Stahl and Sergey Prigogin*, AAA

15   arbitration proceeding alleging breach of employment agreements, filed on April

16   20, 2006.[9]

17   (7)   *In Re Sigma Dynamics, Inc.*, a Delaware Corp., Delaware Chancery Court, Civ.

18   Action NO. 2243-N.

19   Infor's interrogatory responses claim that "[a]ll post-tender expenditures incurred by E.piphany

20   were conducted against liability from the accusations within the *Sigma I* lawsuit" (Resp. to

21   Interrogs, 5:24-25) – even though a significant portion of those expenditures were **after** the

---

22   [4]   Infor's first amended complaint in this case describes this lawsuit.

23   [5]   The O'Melveny & Myers LLP billings that Infor claims constitute its damages in this
    case include over $2,000,000 in fees and costs incurred for this five week trial, *which

24   commenced the very same day that the Sigma I action concluded with judgment in
    E.piphany's favor* .  (Irías Decl., Ex. H and Ex. E (docket of *Sigma I*).

25   [6]   Irías Dec., Ex. H.

26   [7]   The O'Melveny & Myers LLP invoices also include fees incurred in this second false
    advertising case filed by Sigma.  Infor's first amended complaint in this case does not
    allege that St. Paul breached any duties with regard to the second Sigma action.

27   [8]   Irías Dec., Ex. J.

28   [9]   Irías Dec., Ex. K.



*Sigma I* lawsuit concluded in E.piphany's favor.

Most of the O'Melveny charges reflected on the invoices spanning from 2003 to 2006 did not relate to the *Sigma I* action at all, but to work on other cases that E.piphany itself filed against Sigma and several former E.piphany employees alleging trade secret violations.  Many of the charges reflect work done on a San Mateo County Superior Court case in which E.Piphany was suing Sigma and two Sigma employees.  That case started trial in May 2005, and was being prepared for trial during late 2004 and early 2005.  (*Id.*)

In November 2005, E.Piphany filed a cost bill and a motion with the San Mateo County Superior Court, seeking attorneys' fees and costs totalling over $6 million for its successful prosecution of the San Mateo County trade secrets litigation.  (Irías Dec., Ex. H.)  One sworn declaration by O'Melveny attorney David Ono, filed in support of E.Piphany's motion for attorneys' fees in that case, explained:

- "I have determined that through October 2005, Epiphany has incurred $4,914,683.00 in attorneys' fees in connection with this litigation as to matters related to trade secrets on which Epiphany prevailed at trial against Sigma Dynamics, Inc. ("Sigma")."[10]
- "The invoices have been redacted . . . to remove . . . entries as to which Epiphany is not seeking recovery of fees."[11]
- "Epiphany's fees motion is not intended to include recorded attorney time that was wholly unrelated to trade secrets on which Epiphany did not prevail against Sigma at trial.  Accordingly, **efforts were made to ensure that Epiphany's fees request does not seek to recover fees spent pursuing Epiphany's false advertising complaint against Sigma or fees related to defending against the two federal actions that Sigma filed against Epiphany.  As a result, I have taken efforts to deduct time from entries that reveal labors related to these other actions.**"[12]

Especially against this backdrop, it seems Infor is overreaching when it contends that the expense of litigating six other matters was all part of the defense of *Sigma I*.  Infor's claimed entitlement to all of these fees and costs – despite its admission that they were not related to the *Sigma I* defense – raises fact issues that must be resolved by a jury in this case.  Unless Infor

---

[10]   Irías Dec., Ex. G (Redacted Version of David Ono Declaration filed in San Mateo County Superior, at para. 2 of Mr. Ono's declaration).

[11]   Irías Dec., Ex. G (Redacted Version of David Ono Declaration filed in San Mateo County Superior, at para. 3 of Mr. Ono's declaration).

[12]   Irías Dec., Ex. G (Redacted Version of David Ono Declaration filed in San Mateo County Superior, at para. 22 of Mr. Ono's declaration).

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

drops its claim that six other litigated matters were part of the defense of *Sigma I*, even when millions of dollars of those attorneys' fees and costs were incurred after the *Sigma I* action was dismissed, testimony – including testimony by the O'Melveny attorneys involved as well as expert testimony – will be needed to decide this issue of **causation**: was legal expense incurred in cases that were litigated separately from *Sigma I* necessary to the defense of *Sigma I*?  Other questions of fact that will need to be determined by a jury include the following:

   **(1) the necessity and reasonableness of the legal expense.**  The attorneys' fees and costs motions filed in San Mateo County Superior Court show that 68  O'Melveny timekeepers worked on that trade secret case.  Infor is apparently contending here that the same timekeepers were all working on *Sigma I*'s defense.  Judge Freeman in San Mateo County ruled that the fees claim had to be cut across the board by twenty percent.

   **(2) the amount of legal expense actually incurred and paid, as opposed to invoiced or written off.**  In response to a request for production of documents, Infor claims it does not have access to E.Piphany's accounting records, and that it has no documentation of amounts paid.  Invoices produced by Infor did not reflect this information, either.[13]  This will be a factual issue that will have to be determined on the basis of witnesses' credibility.

   There are plainly issues of fact that can only be addressed with testimony, cross-examination of witnesses, and documentary evidence.  Infor's damages claim cannot be determined on briefs and affidavits, and St. Paul is Constitutionally entitled to a full jury trial.

**C.    The Seventh Amendment Mandates Trial By Jury In Actions At Law As Opposed To Actions In Equity**

   The Seventh Amendment to the United States Constitution provides in part:  "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...."  To determine whether a case is a "Suit at common law" in which the right to jury trial must be preserved, the court undertakes a two step inquiry.  First, the court compares the action "to 18th-century actions brought in the courts of England prior to the merger

---

[13]      Irías Dec., Para. 6.

1   of the courts of law and equity." *Tull v. United States*, 481 U.S. 412, 417, 107 S.Ct. 1831, 95

2   L.Ed.2d 365 (1987).  Second, the court "examine[s] the remedy sought and determine[s] whether

3   it is legal or equitable in nature." *Ibid.*  "The second stage of this analysis is more important than

4   the first." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26

5   (1989).

6          Even in an action involving joinder of legal and equitable causes of action, a court's

7   discretion "is very narrowly limited and must, wherever possible, be exercised to preserve jury

8   trial." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988

9   (1959); *Prudential Oil Corp. v. Phillips Petrol. Co.*, 392 F.Supp. 1018, 1022 (S.D.N.Y. 1975)

10  ("[T]he inescapable teaching of recent Supreme Court decisions is that there is a clear federal

11  policy in light of the Seventh Amendment favoring jury trials and that, in doubtful cases, that

12  policy should be favored.").

13  **D.     Infor's Breach Of Contract Claim Is An Action At Law, Involving Both Legal and**

14  **Factual Disputes, and Not An Action In Equity**

15         The Seventh Amendment "preserves a right to jury trial on issues of fact in suits for

16  breach of contract damages between private party litigants." *Seaboard Lumber Co. v. U.S.*, 903

17  F.2d 1560, 1563 (Fed.Cir. 1990).  Such issues include the amount of damages owing for breach

18  of contract. *See*, *e.g.*, *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) (fees

19  owed to a lawyer under a contingent fee contract); *Burlington Northern R. Co. v. Nebraska*

20  *Public Power Dist.*, 931 F.Supp. 1470, 1481 (D.Neb. 1996) (at common law, "a breach of

21  contract action claiming damages was tried to a jury").

22         It has long been established that an action to recover benefits due under an insurance

23  policy is legal in nature and therefore triable to a jury as a matter of right. *Baylis v. Travelers'*

24  *Ins. Co.*, 113 U.S. 316, 321, 5 S.Ct. 494, 28 L.Ed. 989 (1885).  Even where contract issues,

25  including breach of the duty to defend, are raised in a declaratory judgment action by the insurer,

26  there is a right to jury trial, because the identical issues would arise if the insured had initiated a

27  breach of contract action. *Allied Mut. Ins. Co. v. Dakota Rose, Inc.*, 43 F.Supp.2d 1081, 1087

28  (D.S.D. 1999) (insurer filed suit seeking a declaration that it had no duty to defend or indemnify

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  insured in underlying action); *Mutual of New York v. Shaya*, 970 F.Supp. 1226, 1227 (E.D.Mich.

2  1997) (insurer filed declaratory judgment action to determine obligation to pay disability

3  benefits; same coverage issue would have arisen if the insured had sued for damages for breach

4  of contract).  Further, there is a jury trial right in a direct action by a plaintiff against a

5  defendant's insurer to recover a judgment.  *Travelers Indem. Co. v. State Farm Mut. Auto. Ins.*

6  *Co.*, 330 F.2d 250, 258 (9th Cir. [Cal.] 1964).

7       Likewise, St. Paul is entitled to a jury trial to determine Infor's damages for breach of the

8  duty to defend.  St. Paul is not liable for breach of a duty to indemnify (since E.piphany

9  prevailed in the *Sigma I* action), and Infor does not allege that St. Paul breached the implied

10  covenant of good faith and fair dealing or otherwise acted inappropriately in its response to the

11  tender of the *Sigma I* action.  Therefore, the proper measure of Infor's damages for breach of

12  contract here is the reasonable attorneys' fees and costs incurred by E.piphany in defense of the

13  suit that was tendered to St. Paul – the *Sigma I* action.  *Marie Y. v. General Star Indem. Co.*, 110

14  Cal.App.4th 928, 960-961, 2 Cal.Rptr.3d 135 (2003).  It is the plaintiff's burden to prove the

15  amount of its damages, and a plaintiff is entitled to recover only such damages as were

16  proximately caused by the defendant's breach of the contract.  *See, e.g.*, *St. Paul Fire and*

17  *Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.*, 101 Cal.App.4th 1038, 1060-1061,

18  124 Cal.Rptr.2d 818 (2002).

19       Hence, the amount of plaintiff's damages, *i.e.*, attorneys' fees and costs, proximately

20  caused by St. Paul's declination to defend the *Sigma I* action, is plainly a factual and legal issue,

21  as opposed to an equitable issue, on which St. Paul therefore has a right to trial by jury.  None of

22  the authorities offered by Infor in its case management statement suggest otherwise.

23  **E.   Infor's Authorities Are Not In Point To The Question Posed Here**

24       In its supplemental case management statement (Docket 56), Infor asserted that "[t]he

25  remaining legal issue is the amount of defense costs from the *Sigma I* action that Infor is entitled

26  to recover in light of the Court's summary judgment order."  Docket 56, at 3:2-3.  The statement

27  included several pages of citations to cases in which courts have determined attorneys' fees by

28  motion, under several different factual and procedural circumstances.  According to Infor, "a



1   determination of the amount of the attorneys' expenses may be made by way of motion in this

2   case because there are no genuine issues of material fact here as to any facts essential to this

3   motion, relying upon supporting declarations." *Id.* at 4:27-5:1.

4           Infor's argument in its case management statement entirely ignores the fact that it has

5   pleaded and must prove a claim for damages for breach of an insurance contract.  The fact that

6   those breach of contract damages consist primarily of the attorneys' fees Infor incurred in an

7   earlier (and completely separate) action from the one now being litigated does not deprive St.

8   Paul of its entitlement to a jury trial on the issue of the breach of contract damages that Infor

9   seeks here.  Further, as outlined above, Infor's assertion that there are no "genuine issues of

10  material fact" as concerns its damages claim is belied by the fact that it is claiming recovery of

11  fees not just from the *Sigma I* action, but also from several other unrelated actions and

12  proceedings.

13          Infor asserts that *American Motorists Ins. Co. v. Superior Court*, 68 Cal.App.4th 864,

14  869, 80 Cal.Rptr.2d 621 (1998), supports its claim that St. Paul has no right to a jury trial on

15  contract damages.  On the contrary, *American Motorists* addressed an entirely different issue

16  from the one here, on completely different facts, and has no application here.  In *American*

17  *Motorists*, an insurer refused to defend environmental actions that were filed against its insured.

18  The insured sued the insurer in 1986 for declaratory judgment, specific performance, and

19  damages, on the ground the insurer had improperly denied a defense.  In 1989, the court granted

20  a summary adjudication motion by the insured, finding that the insurer owed a duty to defend the

21  environmental actions, which were still ongoing.  In 1991, after the insurer failed to assume the

22  insured's defense, the insured obtained an "enforcement order" from the trial court, directing the

23  insurer "to make an immediate payment to [the insured] of specified attorneys' fees and costs,

24  and to thereafter remain current in paying its share of 'the full cost of defending' the

25  contamination actions."  *Id.* at 869.  The summary adjudication and enforcement orders were

26  upheld by the Court of Appeal.  In 1994, the insurer reimbursed the insured for past-due defense

27  costs and "began paying its share of current costs on an on-going basis," but stated its intent to

28  challenge the reasonableness of defense fees and costs.  *Ibid.*

SEDGWICK
DETERT, MORAN & ARNOLD LLP

In 1998, the insurer brought a motion in the coverage action asking the court to rule that it was entitled to a jury trial to determine the reasonableness of its defense costs incurred by the insured in the environmental actions.  The trial court denied this motion, finding that the action was "fundamentally, 'a declaratory relief action and equity action' presenting issues for decision by the court, not by a jury."  *Id.* at 870.  The Court of Appeal affirmed.  The court rejected the insurer's contention that its reimbursement claim essentially was related to the insured's claim for damages for breach of the duty to defend.  The court noted that the insured was not, in fact, seeking damages for breach of the duty to defend, and that the only issue was whether the insurer had an equitable right to reimbursement for fees it had already paid:  "AMICO ignores Montrose's concession that it has 'obtained all of the relief sought by its complaint' with regard to AMICO's duty to defend (a declaration of its rights and an order for specific performance) and that, *but for AMICO's claim for reimbursement of allegedly 'unreasonable' amounts paid for Montrose's defense, 'nothing further would remain to be litigated with respect to the duty to defend.'"  Id.* at 871, fn. 6.  (Emphasis in original.)  Accordingly, unlike the situation here, at the time the court considered the issue, the insured in *American Motorists* was not seeking damages for breach of the duty to defend.  Rather, the insured conceded it had already received all the relief it requested on that issue – a declaration of its rights and an order for specific performance. In ruling on this issue in the prior appeal, the court noted that "by ordering the immediate payment of defense costs, the court below in effect severed the duty to defend from the remaining issues."  *Id.* at 873, quoting prior unpublished opinion.  Given this procedural history, the court concluded that the insurer had no right under the California Constitution to a jury trial on the reasonableness of the defense costs it had paid, because the insurer's claim was not a legal claim, but was one for equitable reimbursement:  "[W]here, as here, payment is compelled rather than voluntary, the carrier's right to reimbursement for allegedly excessive or unnecessary fees and costs is a claim for *equitable* restitution, not a claim for damages."  *Id.* at 874.  (Emphasis in original.)

*American Motorists* is completely inapplicable to this case.  Here, Infor is not seeking to recover its defense costs from the *Sigma I* action on equitable grounds and it would have no

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1    basis to do so.  Rather, Infor is making a straightforward claim for damages based on an alleged

2    breach of the insurance contract.

3          Infor also cites *Samson v. Transamerica Ins. Co.*, 30 Cal.3d 220, 242-243, 178 Cal.Rptr.

4    343, 636 P.2d 32 (1981), and *Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679-680 (9th

5    Cir. 1993), as standing for the proposition that a jury trial is not required in a suit for damages

6    for breach of the duty to defend.  Those cases too are plainly inapposite.  In *Samson*, there was

7    no issue of defense costs, but rather the plaintiff sued the insurer for bad faith failure to settle

8    within policy limits.  The trial court granted summary judgment, finding that the insurer had

9    wrongfully rejected a reasonable settlement offer.  On appeal, the insurer argued that summary

10   judgment on this issue was improper, and that it was entitled to a jury trial on the issue of

11   whether it wrongfully rejected a reasonable settlement offer.  The Supreme Court acknowledged

12   that "the reasonableness of a rejected settlement offer is often an issue of fact to be determined

13   by a jury."  *Id.* at 243.  However, the court found there were no triable issues of fact in the case

14   before it, so the grant of summary judgment was proper:  "In this case, the judgment against the

15   insured had already been entered, and concededly exceeded the amount of the settlement offer.

16   Thus, as a matter of law, the settlement offer was reasonable and was wrongfully rejected by

17   Transamerica."  *Ibid.*  Hence, the *Samson* case stands for nothing more than that summary

18   judgment is properly granted where there are no issues of fact to be tried by a trier of fact.  The

19   court was not asked to address, nor did it address, the question of whether the Constitution

20   affords a right to a jury trial to determine damages for a breach of contract.

21         In *Killer Music*, the Ninth Circuit found that an insurer breached its duty to defend, but

22   remanded the case to the district court for a finding on whether the insured was entitled to

23   recover any portion of a settlement it had made with the underlying plaintiff – *i.e.*, whether the

24   settlement itself was covered under the policy (the court rejected the insured's argument that the

25   failure to defend was in bad faith).  Nothing in the *Killer Music* opinion suggests that the insurer

26   would not have a right to a jury trial on remand, nor was that issue even addressed by the court.

27         Infor cites *Foxfire, Inc. v. New Hampshire Ins. Co.*, 1994 WL 361815 (N.D.Cal., July 1,

28   1994), as an example of a case where damages for breach of the duty to defend were determined

SEDGWICK
DETERT, MORAN & ARNOLD LLP

NOTICE OF MOTION AND MOTION BY DEF. ST. PAUL RE RIGHT TO JURY TRIAL

1    by motion with supporting declarations.  However, there is nothing in the *Foxfire* opinion to

2    indicate that the insurer objected to this procedure, and the court in *Foxfire* did not address

3    whether there was a right to a jury trial on the issue of breach of contract damages.

4           Infor also cites several cases in which attorneys' fees were awarded to a prevailing party

5    in an action on a statute or contract, and the determination was made by motion rather than trial.

6    None of these cases support Infor's claim that St. Paul does not have a right to have a federal

7    jury determine the amount of the damages St. Paul owes to Infor as a result of St. Paul's alleged

8    breach of contract.  In *Comark Communications, Inc. v. Harris Corp.*, No. 95-2123, 1998 U.S.

9    Dist. LEXIS 4036 (E.D.Pa. Mar. 30, 1998), the court determined the amount of fees to which the

10   plaintiff was entitled under 35 U.S.C. § 285, as prevailing party in a patent infringement case.

11   The court was not determining a claim for attorneys' fees as damages for a breach of contract.

12   *Howes v. Medical Components, Inc.*, 761 F.Supp. 1193 (E.D.Pa. 1990), was also a claim for

13   prevailing party attorneys' fees under 35 U.S.C. § 285 in a patent infringement action.  In

14   *Superior Form Builders v. Dan Chase Taxidermy Supply Co., Inc.*, 881 F. Supp. 1021 (E.D.Va.

15   1994), the court addressed attorneys fees awardable under 17 U.S.C. § 505 to the prevailing

16   party in a copyright infringement action.  None of these cases suggested that attorneys' fees *as*

17   *damages for breach of contract* may be determined by motion, and none of these cases raised

18   questions concerning the Constitutional right to trial by jury in contract actions.

19          There is a fundamental difference between attorneys' fees awarded as costs in the action

20   in which they were incurred, and the determination of damages for a breach of contract, as to

21   which a party has an unquestionable right to trial by jury.  Here, Infor is not seeking to recover

22   attorneys' fees incurred *in this action* – it is seeking damages for breach of a contract wherein it

23   has been found that St. Paul breached a duty owed in an earlier action.  Where attorneys' fees are

24   sought as damages for breach of contract, the burden of proof and the right to jury trial are no

25   different from any other breach of contract action.  For example, the Ninth Circuit has held that

26   it is error for a trial court to strike a demand for a jury trial in an attorney's breach of contract

27   action against a client to recover fees under express contract and *quantum meruit* theories.  *Davis*

28   *& Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985), superseded in part on other

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1    grounds by statute, 28 U.S.C. § 1961.  Additionally, the court in *Eureka Inv. Corp., N.V. v.*

2    *Chicago Title Ins. Co.*, 743 F.2d 932, 942 (D.C.Cir. 1984), noted an important procedural

3    distinction between the adjudication of claims for attorneys' fees as damages, and attorneys' fees

4    awarded by the court to a prevailing party:  "[I]n a private damages action, the court is not asked

5    to set the attorney's fees.  Rather, once a finding of liability for attorney's fees has been made,

6    the role of the trier of fact is the same as in any other case involving a claim for expenses as

7    consequential damages – to determine whether the expense has in fact been paid or incurred,

8    whether the expense is related to the wrong upon which liability has been based, and whether the

9    expense was reasonable.").  This is precisely the role of the jury in this case.[14]

10       Further, Infor's suggestion that its claim for fees is essentially a costs motion is belied by

11   the elements of its cause of action for breach of contract (damages being a necessary element),

12   by its prayer in the first amended complaint in which it seeks damages, and by the fact that

13   Infor's pleading seeks pre-judgment interest under Civil Code § 3287(a), which is explicitly

14   limited to contract damages that are certain or capable of being made certain by calculation.

15       *Ultra Coachbuilders, Inc. v. General Security Ins. Co.*, 229 F.Supp.2d 284 (S.D.N.Y.

16   2002), also cited by Infor, was a ruling on a motion for partial summary judgment.  In a prior

17   order, the court had ruled that the insurer owed a duty to defend.  The insured then moved for

18   partial summary judgment to determine its damages, *i.e.*, the expenses it incurred in defending

19   the underlying case.  There is no suggestion in the opinion that the insurer objected to this

20   procedure, that it asserted that there was any fact dispute as to the amount of the attorneys' fees,

21   or argued it was entitled to a jury trial on damages.  Rather, the insurer's only arguments were

22   (1) that the insured was not entitled to prejudgment interest on the unpaid portion of the defense

23   costs, and (2) that certain defense costs were not reasonable or necessary.  *Id.* at 286.  Hence,

24   *Ultra Coachbuilders* provides no support for Infor's argument that St. Paul has no Constitutional

25   right to a jury trial.

26   

27   [14]    The court in *Eureka* was addressing whether a bench trial was the proper vehicle for
     determining attorneys' fees, rather than a motion proceeding, but its comments about the
     role of the trier of fact where attorneys' fees are sought as damages are applicable as well
28   in this case, where St. Paul is entitled to have a jury as the trier of fact.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    Finally, Infor cites *Brandt v. Superior Court*, 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d

2    796 (1985), as "approving" the use of a motion procedure to determine the amount of attorneys'

3    fees an insured was entitled to recover as damages for tortious breach of the implied covenant of

4    good faith and fair dealing.  In fact, although the California Supreme Court commented that a

5    determination by the court would be "preferable," this could only be done by stipulation of the

6    parties, because the amount and reasonableness of attorneys' fees recoverable as *damages* is an

7    issue of fact that must be decided by a jury:  "Since the attorney's fees are recoverable as

8    damages, the determination of the recoverable fees must be made by the trier of fact unless the

9    parties stipulate otherwise." *Id.* at 819.  Indeed, the Supreme Court even set forth the appropriate

10   jury instruction. *Id.* at 820.  The *Brandt* case therefore directly supports St. Paul's right to a jury

11   trial on the plaintiff's claims for breach of contract damages.  Here, St. Paul has declined to

12   stipulate to a motion or bench trial to determine Infor's damages, and it has an indisputable

13   Constitutional right to a jury trial.

14   **F.    St. Paul Has Not Consented To The Withdrawal Of Infor's Jury Demand**

15   Rule 38 of the Federal Rules of Civil Procedure, subsection (a), commands:  "The right

16   of trial by jury as declared by the Seventh Amendment to the Constitution … is preserved to the

17   parties inviolate."  Both Infor, in its original complaint (Docket 1) and first amended complaint

18   (Docket 36, and St. Paul, in its answers to the original complaint (Docket 19) and first amended

19   complaint (Docket 41) demanded a jury trial in accordance with Rule 38(b).  Infor evidently

20   purports to withdraw its jury demand, but cannot do so absent St. Paul's consent:  "A proper

21   demand may be withdrawn only if the parties consent."  Fed.R.Civ.P. 38(d); *Travelers Indem.*

22   *Co. v. State Farm Mut. Auto. Ins. Co.*, 330 F.2d 250, 258 (9th Cir. [Cal.] 1964).  Further, Rule 39

23   provides that, when a jury trial has been demanded under Rule 38, "[t]he trial on all issues so

24   demanded must be by jury" unless (1) the parties stipulate to a nonjury trial, (2) "the court, on

25   motion or on its own, finds that on some or all of those issues there is no federal right to a jury

26   trial."  St. Paul does not consent to the withdrawal of Infor's jury trial demand, and as

27   demonstrated above, there is a clear federal right to a jury trial on damages in a breach of

28   contract action.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

IV.   **CONCLUSION**

This is an action for damages for breach of contract, as to which St. Paul has a Constitutional right to trial by jury.  St. Paul properly demanded jury trial pursuant to Fed.R.Civ.P. 38, and has not stipulated to waive its right to a jury trial on damages.  St. Paul therefore respectfully requests that the Court calendar a scheduling conference and set this matter for jury trial.

DATED: March 2, 2009                  Respectfully submitted,

                                      SEDGWICK, DETERT, MORAN & ARNOLD LLP



                                      By:  /s/ Sigrid Irías
                                           BRUCE D. CELEBREZZE
                                           SIGRID IRÍAS
                                           Attorneys for Defendant
                                           ST. PAUL FIRE AND MARINE INSURANCE
                                           COMPANY

NOTICE OF MOTION AND MOTION BY DEF. ST. PAUL RE RIGHT TO JURY TRIAL