SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
MICHAEL A. TOPP  Bar No. 148445
SIGRID IRÍAS Bar No. 129319
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
Email: bruce.celebrezze@sdma.com
       michael.topp@sdma.com
       sigrid.irias@sdma.com

Attorneys for Defendant
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., a Michigan corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation,<br><br>             Defendant. | CASE NO. C08 02621 JW<br><br>**DECLARATION OF SIGRID IRIAS IN SUPPORT OF MOTION OF DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY RE ST. PAUL'S RIGHT TO JURY TRIAL TO DETERMINE DAMAGES**<br><br>JUDGE:  THE HON. JAMES WARE<br>DATE:    APRIL 6, 2009<br>TIME:     9:00 A.M. |

I, Sigrid Irías, declare as follows:

1.  I am an attorney with Sedgwick, Detert, Moran & Arnold LLP, counsel for St. Paul Fire and Marine Insurance Company in this matter. I have personal knowledge of each matter stated herein, or where indicated, I make this declaration based on my review of public records obtained by my office and documents provided in response to discovery in this action.

2.  Attached hereto as **Exhibit A** is a true and correct copy of a letter that I am informed and believe our office received from Gauntlett & Associates, counsel for plaintiff Infor Global Solutions (Michigan), Inc., on or about December 17, 2008.  I am informed and believe

that a copy of that letter arrived in our office shortly after that, enclosing a CD-ROM containing 671 pages of invoices from O'Melveny & Myers, LLP.

3.     O'Melveny & Myers LLP was counsel of record for Infor's predecessor, E.piphany, Inc., in the action entitled *Sigma Dynamics, Inc. v. E.piphany, Inc.*, Northern District Case No. 04-00569 ("*Sigma I*").  I have reviewed the court docket in that matter.  It was filed on or about February 10, 2004, and was dismissed on or about July 26, 2005.  No cross-complaint or counterclaim was filed on behalf of E.piphany in the case.  A copy of the complaint in that case is attached hereto as **Exhibit B.**

4.     Based upon my review of invoices provided by Infor, my review of public court records of the Northern District and the San Mateo County Superior Court, Infor's interrogatory responses, my discussions with Ryan Padden of O'Melveny & Myers LLP, my discussions with James Lowe of Gauntlett & Associates, and my review to date of a portion of the documents produced by O'Melveny & Myers pursuant to subpoena, I presently am informed and believe that the invoices upon which Infor bases its damages claim in this case relate not only to the *Sigma I* action, but also at least six other litigated proceedings, as follows:

   a.     *E.piphany v. Sigma*, San Mateo Superior Court Case No. 434833, alleging false advertising and unfair competition; filed on October 14, 2003, voluntarily dismissed on September 23, 2004.  A copy of the complaint in that case is attached hereto as **Exhibit C.**

   b.     *Sigma v. E.piphany*, U.S. District Court, N.D. Case No. 04-00569 ("*Sigma I*"), alleging false advertising and unfair competition; filed on February 10, 2004; tendered to St. Paul for defense on July 22, 2004; summary judgment granted in favor of E.piphany and judgment entered on May 31, 2005; stipulation of dismissal filed on July 26, 2005.  A copy of a filing on behalf of E.piphany in that case is attached hereto as **Exhibit D**, reflecting that O'Melveny & Myers was counsel of record for E.piphany in that matter.  The docket sheet is attached as **Exhibit E**.

   c.     *E.piphany v. Sigma, et al.*, San Mateo Superior Court Case No. 439133, alleging trade secret misappropriation, conversion, and unfair competition against Sigma and two former E.piphany employees; filed on May 4, 2004; judgment entered in E.piphany's favor

on May 31, 2006; stipulation of dismissal filed on August 25, 2006.  A copy of the complaint in that case is attached hereto as **Exhibit F**.  A copy of the Redacted Version of the Confidential Declaration of David Ono, filed on November 18, 2008 in that matter, is attached hereto as **Exhibit G** (without exhibits, some of which were filed under seal).  A copy of the court's Order Re: Attorneys Fees and Costs, filed May 15, 2006, is attached hereto as **Exhibit H.**

        d.    *Sigma v. E.piphany*, U.S. District Court, N.D. Case No. 05-01852, alleging interference with prospective economic advantage, trade libel, and false advertising; filed on May 5, 2005; stipulation of dismissal filed on July 26, 2005.  A copy of a filing on behalf of E.piphany in that case is attached hereto as **Exhibit I**, reflecting that O'Melveny & Myers was counsel of record for E.piphany in that matter.

        e.    *E.piphany v. Michel Adar*, San Mateo County Superior Court Case No. 454338, alleging trade secret misappropriation and breach of contract; filed on April 20, 2006; voluntarily dismissed on August 25, 2006.   A copy of the complaint in that case is attached hereto as **Exhibit J**.

        f.    *SSA Global and E.piphany Inc. vs. Earl Stahl and Sergey Prigogin*, AAA arbitration proceeding alleging breach of employment agreements, filed on April 20, 2006.   A copy of the AAA claim is attached hereto as **Exhibit K**.

        g.    *In Re Sigma Dynamics, Inc.*, a Delaware Corp., Delaware Chancery Court, Civ. Action No. 2243-N.  Attached as **Exhibit L** is a copy of a motion filed in that case reflecting O'Melveny & Myers as counsel of record.

5.    The fee invoices provided by Infor with the cover letter attached hereto as **Exhibit A**, as support for its damages claim, all reference a single O'Melveny & Myers matter number.  Attached hereto as **Exhibit M** is a true and correct copy of Infor's verified responses to St. Paul's first set of special interrogatories, which our office received on or about February 17, 2009.  In response to interrogatories, Infor declined to make any allocation concerning which fees are attributable to which pieces of litigation.  In meet and confer efforts after we received Infor's responses to interrogatories, Infor's counsel, James Lowe, continued to decline to state what portion of the fees reflected in the invoices are attributable to *Sigma I*.  Mr. Lowe told me

1  that Infor's contention is that all of the litigation handled by O'Melveny was part of the defense
2  of *Sigma I*.
3        6.     Attached hereto as **Exhibit N** is a true and correct copy of Infor's verified
4  response to our initial set of document requests.  Infor produced no documents in response to this
5  request for production.  Infor's counsel, James Lowe, has told me that Infor does not have
6  E.piphany's accounting records, and has no records other than the invoices from O'Melveny &
7  Myers.  I am unable to determine from information provided by Infor to date what was paid and
8  what was not.  I have requested additional documentation concerning this issue from O'Melveny
9  & Myers.
10       I declare under penalty of perjury that the foregoing is true and correct.
11       Executed at San Francisco, California, on the 2 day of March, 2009.

By:   */s/ Sigrid Irías*
SIGRID IRÍAS
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendant
ST. PAUL FIRE AND MARINE INSURANCE COMPANY