1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 215383)
   Andrew M. Sussman (SBN 112418)
3  18400 Von Karman Avenue, Suite 300
   Irvine, California  92612
4  Telephone:  (949) 553-1010
   Facsimile:  (949) 553-2050
5  jal@gauntlettlaw.com
   ams@gauntlettlaw.com
6
   Attorneys for Plaintiff
7  Infor Global Solutions (Michigan), Inc.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 INFOR GLOBAL SOLUTIONS (MICHIGAN), )   Case No. C 08 02621 JW (PVT)
   INC., a Michigan corporation,            )
12                                          )   Hon. Patricia V. Trumbull, Magistrate Judge
                                            )
13                Plaintiff,                )
                                            )   **MOTION BY PLAINTIFF INFOR GLOBAL**
14                                          )   **SOLUTIONS (MICHIGAN), INC. FOR**
          v.                                )   **PROTECTIVE ORDER OR TO QUASH**
15                                          )   **DEPOSITION SUBPOENAS** *DUCES*
                                            )   *TECUM* **SERVED BY DEFENDANT ST.**
16 ST. PAUL FIRE & MARINE INSURANCE         )   **PAUL FIRE & MARINE INSURANCE**
   COMPANY, a Minnesota corporation,        )   **COMPANY ON NUMEROUS NONPARTY**
17                                          )   **WITNESSES**
                                            )
18                Defendant.                )
                                            )   **[Fed. R. Civ. P. 26(b)(2)(C), 26(c)(1) and**
19                                          )   **45(c)(3)]**
                                            )
20                                          )
                                            )   Date:      April 7, 2009
21                                          )   Time:      10:00 a.m.
                                            )   Ctrm:      5, Fourth Floor
22 _____ )

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   THIS LAWSUIT'S PROCEDURAL STATUS AND FACTUAL
     BACKGROUND.................................................................................................. 1

     A.    Status of the Case ................................................................................. 1

     B.    Factual Background .............................................................................. 2

           1.    The Underlying Covered E.piphany Lawsuits ......................... 2

           2.    St. Paul's Discovery on Damages .............................................. 4

II.  ST. PAUL'S NUMEROUS DUPLICATIVE DEPOSITION NOTICES AND
     SUBPOENAS ................................................................................................... 5

III. THE COURT SHOULD PROHIBIT ST. PAUL'S UNREASONABLY
     CUMULATIVE NONPARTY ATTORNEY DEPOSITIONS ........................... 7

IV.  THE INDIVIDUAL WITNESSES' DEPOSITION SUBPOENAS SHOULD BE
     QUASHED BECAUSE THE DEPOSITIONS WOULD SUBJECT INFOR AND
     THE DEPONENTS TO UNDUE BURDEN ..................................................... 9

V.   THE DEPOSITIONS SHOULD BE PROHIBITED BECAUSE THEY WOULD
     EXCEED THE NUMBER OF DEPOSITIONS ALLOWED BY LAW ............ 10

     A.    No Reason Exists to Permit Excessive Depositions .......................... 10

     B.    St. Paul's Notice of More than 10 Depositions without Court Permission
           Violates Rule 30 ................................................................................ 10

VI.  CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Barrow v. Greenville Independent School Dist.,*
  202 F.R.D. 480 (N.D. Tex. 2001) ....................................................................... 11

*In the Matter of Nova Biomedical Corp. v. i-Stat Corp.,*
  182 F.R.D. 419 (S.D.N.Y. 1998)......................................................................... 8

*E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.,*
  590 F. Supp. 2d 1244 (N.D. Cal. 2008) ............................................................. 2

*United States v. American Honda Motor Co.,*
  273 F. Supp. 810 (N.D. Ill. 1967) ...................................................................... 8

*United States v. Wilson,*
  732 F.2d 404 (5th Cir. 1984)............................................................................... 8


**DOCKETED CASES**

*Authentec, Inc. v. Atrua Technologies, Inc.,*
  No. C 08-1423 PJH, 2008 WL 5120767 (N.D. Cal. Dec. 4, 2008)................................. 10

*Eugenia XI Venture Holdings, Ltd. v. Chabra,*
  No. 05 Civ. 5277 DAB DFE, 2006 WL 1293118 (S.D.N.Y. May 10, 2006) ................................ 9

*United States v. Amerigroup Illinois, Inc.,*
  No. 02 C 6074, 2005 WL 111972 (N.D. Ill. Oct. 21, 2005) ........................................ 10


**OTHER AUTHORITIES**

FED. R. CIV. P. 26 .................................................................................................... 9

FED. R. CIV. P. 26(b)(2)(C)................................................................................... 1, 7, 8

FED. R. CIV. P. 26(c)(1)........................................................................................ 1, 7

FED. R. CIV. P. 26(c)(1)(A)................................................................................... 8

FED. R. CIV. P. 30 .................................................................................................. 10

FED. R. CIV. P. 30(a)(2)(A).............................................................................. 1, 10, 11

FED. R. CIV. P. 30(b)(6)........................................................................................ *passim*

FED. R. CIV. P. 30(d)(2) ................................................................................................................ 10

FED. R. CIV. P. 45(c) ...................................................................................................................... 1

FED. R. CIV. P. 45(c)(3)(A) ........................................................................................................... 9

**MOTION TO QUASH DEPOSITION
SUBPOENAS DUCES TECUM
– CASE NO. C 08 02621 JW**

PLEASE TAKE NOTICE that on April 7, 2009 at 10:00 a.m. in Courtroom 5 of this Court, Plaintiff Infor Global Solutions (Michigan), Inc. ("Infor") will move for (i) a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1) prohibiting the depositions of and document production by individual nonparty witnesses Polaphat Veravanich, David Enzminger, Ryan Yagura, David Ono, Aaron Rofkahr, Trey Rees, Darin Snyder, George Riley, Jee Young You, Ryan Padden, Timothy Travelstead, Andrew Sherman, Eric Schuldt, Gwen Nielsen, and Peter Nemerovski and requiring St. Paul Fire & Marine Insurance Company ("St. Paul") to obtain damages discovery from Infor and from O'Melveny & Myers through its previously-noticed Fed. R. Civ. P. 30(b)(6) depositions and document productions or, alternatively; (ii) an order pursuant to Fed. R. Civ. P. 45(c) quashing the deposition subpoenas *duces tecum* served by St. Paul on the same fifteen individual nonparty witnesses.

The protective order motion is based on the grounds that the noticed depositions of and document productions by thirteen past or present O'Melveny & Myers attorneys and two former in-house counsel for E.piphany, Inc. (Infor's predecessor-in-interest) and an in-house counsel for Infor are unreasonably cumulative or duplicative of other substantively identical, more convenient, less burdensome and less expensive discovery that St. Paul has noticed; specifically, its Rule 30(b)(6) depositions of and document production by Infor and O'Melveny & Myers.  The motion for an order quashing the deposition subpoenas to the fifteen individual deponents is based on the grounds that requiring these individual nonparty witnesses to submit to fifteen additional days of depositions beyond the Rule 30(b)(6) depositions will subject Infor, O'Melveny & Myers and the deponents to undue burden because (i) St. Paul will obtain substantially the same documents and information from E.Piphany  and O'Melveny & Myers that it now seeks from the individuals noticed for deposition; and (ii) St. Paul improperly noticed more than the 10 depositions allowed by Fed. R. Civ. P. 30(a)(2)(A) without first obtaining Court permission as required by law.

# I.  THIS LAWSUIT'S PROCEDURAL STATUS AND FACTUAL BACKGROUND

## A.  Status of the Case

This is a declaratory relief insurance coverage action brought by Infor, the merger successor-in-interest to E.piphany, Inc. against E.piphany's commercial general liability insurer, St. Paul, for a

1    determination of St. Paul's duty to defend.  Despite E.piphany's repeated requests St. Paul refused to

2    defend, asserting that it had no duty to do so.

3         On December 16, 2008 the Court granted partial summary judgment to Infor and denied St.

4    Paul's cross-motion, finding that St. Paul had a duty to defend E.piphany in the underlying case

5    captioned *Sigma Dynamics, Inc. v. E.piphany, Inc.*, U.S.D.C., N.D. Cal., No. C04-0569 MJJ

6    ("*Sigma I*") and that St. Paul had breached its duty to defend.  *E.piphany, Inc. v. St. Paul Fire &*

7    *Marine Ins. Co.*, 590 F. Supp. 2d 1244 (N.D. Cal. 2008).

8         Since liability is established, the only remaining issue is the amount of money damages St.

9    Paul owes Infor.  This lawsuit's discovery cutoff date is April 15, 2009.  [Docket item No. 59]  The

10   Court set a short discovery period, anticipating that only damages remain at issue and discovery

11   needs should be modest.  The Court did not anticipate a need for seventeen depositions in setting a

12   short discovery period.

13        **B.    Factual Background**

14             **1.    The Underlying Covered E.piphany Lawsuits**

15        Infor contends that E.piphany's defense expenses included litigation activity in six related

16   legal actions.  E.piphany had complained in a lawsuit filed in October 2003 (*E.piphany I*[1]) that

17   Sigma had falsely advertised its products by claiming association with E.piphany, trading on

18   E.piphany's history and its highly acclaimed software products.  Toward the end of *E.piphany I* in

19   February 2004, the *Sigma I* suit was filed.  In it, Sigma accused E.piphany of disparagement by

20   advertising and by filing the *E.piphany I* suit.  E.piphany therefore had to defend itself by showing

21   that its statements about Sigma's misappropriation of trade secrets were true.

22        Infor contends, in partial response to the false allegations in *Sigma I*, E.piphany filed a

23   second suit against Sigma (*E.piphany II*[2]) alleging that Sigma, through its employees, had

24   misappropriated E.piphany's trade secrets.  E.piphany filed the suit in part to establish that it did not

25   disparage Sigma by asserting that the technology at issue in *Sigma I* had been developed by

26

27   [1] *E.piphany v. Sigma Dynamics, Inc.,* San Mateo County Superior Court, case number CIV-434833.

28   [2] *E.piphany v. Sigma Dynamics, Inc., David Panek, and Cortny Mezzetta Christensen*, San Mateo County Superior Court, case number CIV-439133.

E.piphany and stolen by Sigma, and that several of E.piphany's former employees had taken its trade secrets and technology to found Sigma as a competing software company.  The suit served as a defense of the allegations in *Sigma I* and ultimately vindicated E.piphany and led to the dismissal of *Sigma I.*

When it became clear that defending itself against Sigma's onslaught was becoming the main point of the litigation, E.piphany tendered the defense of *Sigma I* to St. Paul on July 22, 2004.  St. Paul denied a defense five days later and never defended.

Infor contends that the *E.piphany I* suit was dismissed by stipulation on September 21, 2004.  The *Sigma I* and *E.piphany II* suits became the principal interrelated actions in the dispute, with E.piphany asserting that it had not disparaged Sigma because it truthfully advertised that Sigma had falsely claimed association with E.piphany and that Sigma had misappropriated the trade secrets underlying its competing software.  E.piphany additionally relied on the affirmative defense in *Sigma I* of unclean hands because of Sigma's trade secret misappropriation.  E.piphany reached settlements with *E.piphany II* defendants Panek and Christensen in February and June 2005 before the bench trial was concluded.

Infor contends that in May 2005, while *Sigma I* was pending, Sigma filed a second suit (*Sigma II*[3]) as a collateral attack on *Sigma I.*  Sigma complained that E.piphany had engaged in false advertising by publically discussing the granting of summary judgment to E.piphany in *Sigma I.* Meanwhile Sigma appealed from the judgment in *Sigma I* and went to trial in *E.piphany II* in what was effectively another collateral attack on *Sigma I* by trying to prove that it had not misappropriated trade secrets from E.piphany.  Shortly afterward, E.piphany successfully moved to dismiss *Sigma II* while the *Sigma I* appeal remained pending.

After E.piphany won a decisive victory in *E.piphany II* with a finding on September 26, 2005 that Sigma had willfully and maliciously misappropriated E.piphany's trade secrets, Sigma finally dismissed its appeal in *Sigma I.*  But E.piphany successfully moved to recover attorneys' fees for its affirmative claims against Sigma in *E.piphany II.*  The court awarded attorneys' fees and costs of

---

[3]*Sigma Dynamics, Inc. v. E.piphany*, U.S.D.C., N.D. Cal., No. C-05-1852.

1   nearly four million dollars against Sigma, providing a direct benefit to St. Paul by reducing the

2   amount of defense expenses it must otherwise pay.  While Sigma continued to fight this award

3   E.piphany brought two more brief actions against Sigma officers (*E.piphany III*[4] and *E.piphany IV*[5]),

4   alleging misappropriation of trade secrets by former E.piphany employees.  Shortly afterward all

5   remaining cases were settled and the attorneys' fees were paid.

6       Infor contends that all of the above actions were conducted as part of a single defense of

7   Sigma's allegations in *Sigma I* because each action evidenced that Sigma illegally created its

8   software and therefore was not injured by E.piphany's actions.   E.piphany's defense counsel,

9   O'Melveny & Myers, billed under a single matter number for the entire series of interrelated cases.

10  They were brought piecemeal in different venues because Sigma could proceed in diversity in

11  federal court, whereas E.piphany had to file claims in state court because of a lack of diversity

12  jurisdiction over all parties and it had to proceed with arbitration in one matter because of contract

13  obligations.  Except for these jurisdictional complexities, all the issues could and would likely have

14  been resolved in a single lawsuit.

15      Infor contends that *Sigma I* was defended in all six actions.  *E.piphany I* established that

16  Sigma's advertising for its CRM software used E.piphany's own history, reputation, performance

17  characteristics and awards.  *E.piphany II* proved that Sigma created its CRM software by stealing

18  E.piphany's trade secrets.  E.piphany defended *Sigma II* by verifying that Sigma had been shown to

19  have misappropriated E.piphany's confidential trade secrets.   *E.piphany III* and *E.piphany IV*

20  asserted personal liability of Sigma officers for the misappropriation and ended all litigation against

21  E.piphany.

22      Infor will seek judgment against St. Paul in the amount of all E.piphany's post-tender

23  litigation expenses in the above lawsuits as necessary and reasonable defense expenses.

### 2.       St. Paul's Discovery on Damages

25      St. Paul has conducted discovery on the issues of what O'Melveny & Myers did during its

---

[4] *SSA Global Technologies, Inc. and E.piphany, Inc. v. Michel Adar*, San Mateo County Superior Court, case number CIV-454338.

[5] Arbitration demand filed with the American Arbitration Association in April 2006, styled as *E.piphany v. Earl Stahl and Sergey Prigogin.*

representation of E.piphany in the above litigations, E.piphany's expenses incurred for the representation, and why O'Melveny & Myers' activities were reasonably necessary for E.piphany's defense. St. Paul's discovery has included document subpoenas to O'Melveny & Myers. In response, O'Melveny & Myers has produced, in response to a document production subpoena, approximately **40,000** pages of documents.[6] This has included all invoices in the underlying cases, all pleadings and written discovery documents served in the underlying cases and all correspondence files concerning the underlying cases.

St. Paul has served Rule 30(b)(6) deposition notices on Infor[7] and O'Melveny & Myers[8] to which it attached the same document production requests it previously served on Infor and O'Melveny & Myers. These depositions are being scheduled by the parties to begin in mid-March 2009. Thereafter, St. Paul served fifteen additional deposition notices and subpoenas on fifteen nonparty individuals.[9] St. Paul has not yet taken depositions. St. Paul has neither sought nor obtained Court permission to take more than 10 depositions.[10]

## II.   ST. PAUL'S NUMEROUS DUPLICATIVE DEPOSITION NOTICES AND SUBPOENAS

On February 19, 2009 St. Paul served notice of Fed. R. Civ. P. 30(b)(6) depositions directed to Infor and to O'Melveny & Myers. Both the Infor deposition notice and the O'Melveny & Myers notice and subpoena require the production of documents responsive to more than 20 categories that, taken together, seek the production of every imaginable document generated in the course of or otherwise pertaining to the numerous above-cited E.piphany litigations.[11] The overlapping subject matters about which Infor's and O'Melveny & Myers' designated witnesses are to testify include the work O'Melveny & Myers performed, why it was performed and the amounts of fees and other expenses incurred. Infor and O'Melveny & Myers expect to provide witnesses and documents at or

---

[6]Declaration of James A. Lowe ("Lowe Decl."), ¶ 1.

[7]**Exhibit "13,"** Lowe Decl., ¶ 2.

[8]**Exhibit "14,"** Lowe Decl., ¶ 3.

[9]**Group Exhibit "15,"** Lowe Decl., ¶ 4

[10]Lowe Decl., ¶ 10.

[11]Lowe Decl., ¶ 4, **Group Exhibit "15."**

1   before their depositions.  The notices and subpoenas directed to these entities are not in dispute in

2   this motion.

3       Rather, the problem now before this Court is caused by St. Paul's February 19, 2009 issuance

4   of an additional fifteen sets of deposition notices and subpoenas *duces tecum* directed to nonparty

5   witnesses Polaphat Veravanich, David Enzminger, Ryan Yagura, David Ono, Aaron Rofkahr, Trey

6   Rees, Darrin Snyder, George Riley, Jee Young You, Ryan Padden, Timothy Travelstead, Andrew

7   Sherman, Eric Schuldt, Gwen Nielsen, and Peter Nemerovski.[12]   Each subpoena requires the

8   deponent to produce all of his or her documents "related to" each of the six Sigma/E.piphany

9   actions.

10      During some or all of the litigation, Messrs. Sherman and Schuldt were E.piphany in-house

11  counsel.[13]  Gwen Nielsen is an Infor in-house counsel who took oversight of the litigation late in the

12  case.[14]   The other 12 subpoenaed individuals are or were O'Melveny & Myers attorneys who

13  assisted with the firm's representation of E.piphany.[15]  Obviously, these depositions' sole purpose is

14  to elicit testimony and documents that would be duplicative of that to be elicited in the Rule 30(b)(6)

15  depositions.

16      Some of these individual attorneys no longer work for O'Melveny & Myers.  Two or more

17  are expected to be designated to testify for Infor or O'Melveny & Myers and to produce documents

18  at or before these entities' respective Rule 30(b)(6) depositions.[16]  These two entity depositions and

19  document productions are sufficient to enable St. Paul to discover the information it needs to prepare

20  for trial.

21      But fifteen additional days of depositions of individuals would yield only improperly

22  duplicative information – and in all likelihood no additional documents, since the individuals

23  presumptively would not have responsive documents in any capacity other than as an Infor or

24

25  [12]Lowe Decl., ¶ 4, **Group Exhibit "15."**

26  [13]Lowe Decl., ¶ 5.

27  [14]Lowe Decl., ¶ 6.

    [15]Lowe Decl., ¶ 7, 8.

28  [16]Lowe Decl., ¶ 6, 7.

O'Melveny & Myers employee if still employed by one or another (and, if not employed by those entities, would have been obligated to dispose of client-related materials before their departure). These depositions would be unreasonably duplicative and cumulative.  The multiple depositions sought of numerous persons involved in E.piphany's defense effectively means that instead of having two depositions of seven hours' duration, St. Paul seeks to extend the depositions on the same basic subject to up to one hundred nineteen hours or over one hundred hours of additional deposition time.  They should not go forward.  They are the ones Infor now requests this Court to prohibit.

## III.    THE COURT SHOULD PROHIBIT ST. PAUL'S UNREASONABLY CUMULATIVE NONPARTY ATTORNEY DEPOSITIONS

The Court should prohibit cumulative nonparty depositions and document productions because they are unnecessary and unreasonable.  St. Paul not only seeks the same information (an explanation of defense expenses) from the plaintiff and the plaintiff's defense firm but from fifteen individuals.  All the witnesses will have to respond to the same document subpoenas, will have to review detailed records and prepare for examination, and will have to spend substantial time in deposition.  It can reasonably be expected that virtually all questions to all witnesses will ask for the same information, e.g., "What is this billing entry about?", "What is the significance of this document?"

Rule 26(b)(2)(C) provides in pertinent part:

> On motion or on its own, **the court must limit the frequency or extent of discovery** otherwise allowed by these rules or by local rule **if it determines that**:
>
> (i) **the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive**; . . . **or;**
> . . . .
> (iii) **the burden or expense of the proposed discovery outweighs its likely benefit**, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  [Emphasis added.]

Fed. R. Civ. P. 26(c)(1) provides in pertinent part:

> A party . . . may move for a protective order in the court where the

action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. **The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following**:

(A) **forbidding the** disclosure or **discovery**; . . . .
. . . .
(C) **prescribing a discovery method other than the one selected by the party seeking discovery** . . . .   [Emphasis added.]

It is an unnecessary burden to require deponents to respond to multiple "repetitive," duplicative subpoenas. *In the Matter of Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 423 (S.D.N.Y. 1998) (quashing repetitive subpoenas as unduly burdensome). *See also United States v. Wilson*, 732 F.2d 404, 412 (5th Cir. 1984) (issuance of substantially identical subpoenas indicative of intent to delay and harass); *United States v. American Honda Motor Co.*, 273 F. Supp. 810, 820 (N.D. Ill. 1967) (issuance of substantially identical document subpoenas held to be harassment).

For three distinct reasons (any one of which legally suffices), Rule 26(b)(2)(C) mandates "limiting the frequency or extent" of St. Paul's depositions.   **First**, the fifteen individuals' depositions would be "unreasonably cumulative and duplicative" as to one another and to those directed to the entity deponents.  The information to be obtained necessarily would overlap.  **Second**, the discovery St. Paul seeks can be "obtained from some other source that is more convenient, less burdensome" and "less expensive;" that is, the Rule 30(b)(6) depositions of Infor and O'Melveny & Myers themselves.

**Third**, the "burden or expense" of the "proposed" fifteen extra depositions strongly "outweigh" their "likely benefit" because, again, the documents and information relevant to the damage issues  remaining for adjudication in this lawsuit will be obtained in the Rule 30(b)(6) depositions.  But the "burden and expense" of preparing fifteen additional individual witnesses (some of whom are no longer even affiliated with Infor or the O'Melveny firm) for deposition, attending them during a three-week period and payment for the transcripts will exceed any presently conceivable, articulable and provable additional benefit to St. Paul.

But if the Court does not believe Rule 26(b)(2)(C) requires it to prohibit these extra depositions, then it should exercise its discretion to do so pursuant to Rule 26(c)(1)(A), that permits

1   it to do so because the fifteen extra depositions necessarily would result in "undue burden and

2   expense" to Infor, O'Melveny & Myers, and to the individuals.

3   **IV. THE INDIVIDUAL WITNESSES' DEPOSITION SUBPOENAS SHOULD BE QUASHED BECAUSE THE DEPOSITIONS WOULD SUBJECT INFOR AND THE**

4   **DEPONENTS TO UNDUE BURDEN**

5       Alternatively, Infor moves to quash all the individual depositions because they are unduly

6   burdensome on Infor and on the individual deponents. In addition to the obvious burdens on the

7   individual deponents, Infor will bear an undue burden from these multiple depositions. Beyond the

8   time and expense of attending multiple cumulative depositions, Infor's counsel will be required to

9   meet with and prepare each deponent and review anticipated testimony to, among other things, make

10  determinations about the assertion and waiver of privilege.

11      Doing so twice, for Rule 30(b)(6) witnesses, is reasonable, but doing so repetitively for

12  fifteen more individual cumulative witness depositions is an unnecessary and undue burden on an

13  insured where its insurer has already been adjudicated by this Court to have breached its duties under

14  its insurance policy. St. Paul's multiplication and expansion of litigation to avoid responsibility for

15  its breach is a particularly undue burden on Infor.

16      Infor's interests are jeopardized by discovery sought from individual witnesses who may

17  disclose privileged information inadvertently by their testimony or document production.

18      Fed. R. Civ. P. 45(c)(3)(A) provides in pertinent part:

19          On timely motion, the issuing court must quash or modify a subpoena
            that:

20          . . . .
            (iv) subjects a person to undue burden.

21

22      Here, the same facts that prove the fifteen extra depositions St. Paul wants to take would be

23  "unreasonably cumulative and duplicative" under Rule 26 also prove that the depositions would

24  "subject" those fifteen attorneys and Infor to the improper "undue burden" and expense of preparing

25  for and participating in unnecessary depositions. *Eugenia XI Venture Holdings, Ltd. v. Chabra*, No.

26  05 Civ. 5277 DAB DFE, 2006 WL 1293118 (S.D.N.Y. May 10, 2006) (quashing deposition

27  subpoena where it would be "unreasonably cumulative and duplicative of the depositions that the

28  defendants have taken and will take of plaintiff's agents . . . ."). The "undue" nature of the "burden"

here is particularly exacerbated by the witnesses' nonparty status. *United States v. Amerigroup Illinois, Inc.*, No. 02 C 6074, 2005 WL 111972 (N.D. Ill. Oct. 21, 2005) ("It has been consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.").

## V.     THE DEPOSITIONS SHOULD BE PROHIBITED BECAUSE THEY WOULD EXCEED THE NUMBER OF DEPOSITIONS ALLOWED BY LAW

### A.     No Reason Exists to Permit Excessive Depositions

Fed. R. Civ. P. 30(d)(2) limits a deposition to one day and seven hours. So, the law allows St. Paul to inquire into O'Melveny & Myers' representation of E.piphany in the *Sigma* lawsuits through its Rule 30(b)(6) depositions of and document productions from Infor and O'Melveny & Myers for a total of 14 hours and two days of deposition time.

But there is no good reason to allow St. Paul to take an **additional 15 days (and 105 hours)** of depositions of additional O'Melveny & Myers and E.piphany former and present lawyers who are not likely to be able to add anything of substance to the information to be provided by Infor's and O'Melveny & Myers' designated witnesses. St. Paul will not be able to make any showing of genuine probable additional net benefit in opposition to this motion.

St. Paul has apparently chosen to notice the depositions of every single person listed by the Plaintiff in its Initial Disclosures. But St. Paul has shown no need to depose every individual listed on the Initial Disclosures, especially where it has adequate means of discovery under Rule 30(b)(6). A party has no automatic right to depose every witness disclosed. *See Authentec, Inc. v. Atrua Technologies, Inc.*, No. C 08-1423 PJH, 2008 WL 5120767 (N.D. Cal. Dec. 4, 2008).

### B.     St. Paul's Notice of More than 10 Depositions without Court Permission Violates Rule 30

Fed. R. Civ. P. 30(a)(2)(A) requires a party to obtain leave of court before noticing a deposition if "a proposed deposition would result in more than ten depositions being taken under this rule . . . ." As held in *Authentec, Inc.*, 2008 WL 5120767, at *1 (denying leave to take 14 additional depositions in a "run-of-the-mill patent case with one plaintiff and one defendant"):

In general, if the parties cannot agree to exceed the ten allowed depos

per side, more than ten must be justified under the "benefits vs. burdens" approach of Rule 26(b)(2) . . .

Under Rule 26(b)(2) the Court will consider whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for additional discovery. . . .

Moreover, in the court's view, Rule 30(a)(2) contemplates that a party has already taken at least some of its ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule. [Citations omitted.]

A party seeking leave to take more than ten depositions must show the necessity of each deposition previously taken. *Barrow v. Greenville Independent School Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001).

Here, however, St. Paul disregarded Rule 30(a)(2)(A).  Rather than taking the legally permissible number of ten depositions and then moving for leave to take more if there was some genuine basis to do so, St. Paul instead noticed 17 depositions at once – all but one of which are of non-parties –without court permission.

But even if St. Paul had not waived its right to assert grounds for extra depositions, no such grounds exist.  All depositions other than the Rule 30(b)(6) depositions of Infor and O'Melveny & Myers remain "unreasonably cumulative or duplicative," less "convenient," more "burdensome," and not justified by logic or equity.  St. Paul should be able to elicit all facts and responsive documents about O'Melveny & Myers' representation of E.piphany required for its case at those depositions.  There is no proper basis to allow it to expensively harass individual nonparties with cumulative depositions.

So, even if the Court permitted up to ten of the depositions to be taken, at least seven of the notices are invalid on their face.  They should be struck and their related subpoenas quashed as issued without legal authority.

1

## VI.   CONCLUSION

2

For each of the foregoing reasons, Infor respectfully requests that the Court (i) issue a

3

protective order limiting St. Paul's depositions to those under Fed. R. Civ. P. 30(b)(6) of Infor and

4

O'Melveny & Myers, LLP and prohibiting the cumulative and duplicative depositions of the fifteen

5

individually-named attorney nonparties or, alternatively; (ii) quashing the deposition subpoenas to

6

those individuals.

7

8   Dated:  March 3, 2009                          **GAUNTLETT & ASSOCIATES**

9

10                                          By:     /s/ James A. Lowe

11                                                  David A. Gauntlett
                                                    James A. Lowe
                                                    Andrew M. Sussman
12
                                                    Attorneys for Plaintiff
13                                                  Infor Global Solutions (Michigan), Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO QUASH DEPOSITION
SUBPOENAS DUCES TECUM
– CASE NO. C 08 02621 JW**