```
 1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
    BRUCE D. CELEBREZZE  Bar No. 102181
 2  MICHAEL A. TOPP  Bar No. 148445
    SIGRID IRÍAS BAR NO. 129319
 3  One Market Plaza
    Steuart Tower, 8th Floor
 4  San Francisco, California 94105
    Telephone: (415) 781-7900
 5  Facsimile: (415) 781-2635

 6  Attorneys for Defendant
    ST. PAUL FIRE AND MARINE
 7  INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., a Michigan corporation,<br><br>     Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>     Defendant. | CASE NO. C08 02621 JW<br><br>**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ADMINISTRATIVE REQUEST FOR BRIEFING SCHEDULE AND OPPORTUNITY TO BE HEARD IN OPPOSITION TO PLAINTIFF INFOR'S EX PARTE APPLICATION FOR STAY**<br><br>Place: Courtroom 5, 4th floor<br><br>Before: The Hon. Patricia Trumbull |

Defendant St. Paul Fire and Marine Insurance Company hereby requests that a briefing schedule and opportunity to be heard be provided with respect to plaintiff's *ex parte* application for a stay of depositions. (Docket entry no. 73.)

1   The present discovery cutoff is April 15, 2009.[1] Plaintiff Infor Global Solutions (Michigan), Inc. ("Infor") has refused to agree to an extension of that cutoff, confirming on March 3, 2009, that it is unwilling to extend the time for completion of discovery.[2] In the meantime, on March 4, 2009, Infor filed a motion to quash fifteen subpoenas for deposition served by St. Paul, or for a protective order, (Docket entry no. 67), noticing that motion for hearing on April 7, 2009. These fifteen depositions are of individuals identified by Infor itself as individuals with knowledge of Infor's alleged damages.

Shortly after it refused to extend the time for discovery, Infor moved *ex parte* to stay all depositions noticed for dates between March 18 and April 8 until after its motion to quash the subpoenas for those depositions can be heard on April 7, 2009. (Docket entry no. 73.) In other words, Infor seeks to deprive St. Paul of the right to take depositions during three of the last four weeks of the already-abbreviated discovery period, while at the same time insisting that the discovery period not be extended.

These tactics are indefensible, particularly given the stakes. In this case, Infor seeks to recover damages from St. Paul in the amount of $4,147,807.19 plus interest.[3] What is at issue is St. Paul's Constitutional right to adequately defend itself in a case in which Infor seeks millions of dollars. If Infor's *ex parte* request is granted, that will leave only five business days to complete critical deposition discovery – testimony without which St. Paul cannot adequately defend against Infor's inflated claims – in a case involving claims of millions of dollars.

Infor is trying to have a motion seeking substantive relief heard *ex parte*. Infor has not shown good cause for *ex parte* relief. The notices for the depositions Infor seeks to now stay were served on or about February 19, 2009. Infor made no objection to the deposition notices until mere hours before filing its motion to quash the deposition subpoenas. Even then, Infor did not announce that it intended to seek a stay, instead, tactically postponing its effort to stay the

---

[1] Order Vacating Case Management Conference, filed January 7, 2009. (Docket entry no. 59.)

[2] This forced St. Paul to file a motion to modify Judge Ware's Order Vacating Case Management Conference, so as to extend the discovery deadline previously set by Judge Ware. (Docket entry no.65)

[3] Infor's CMC statement, filed January 5, 2009. (Docket entry no. 56.)

-2-   **CASE NO.** C08 02621 JW
ST. PAUL'S ADMINISTRATIVE REQUEST FOR BRIEFING SCHEDULE

F/1574545v1

1  depositions and then filing that request on an *ex parte* basis, so as to deprive St. Paul of an
2  opportunity to meaningfully oppose the request for a stay.
3       St. Paul asks the court to set a briefing schedule and a hearing concerning Infor's request
4  for a stay. If the court sets such a briefing schedule, St. Paul will be able to file its substantive
5  brief and evidence, and the matter can be scheduled for a hearing.

6  DATED: March 6, 2009        Respectfully submitted,

7                                      SEDGWICK, DETERT, MORAN & ARNOLD LLP

9                                      By:           /s/
10                                            Sigrid Irías
                                      Attorneys for Defendant
11                                       ST. PAUL FIRE AND MARINE INSURANCE
                                      COMPANY