| | |
|---|---|
| 1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| | BRUCE D. CELEBREZZE  Bar No. 102181 |
| 2 | MICHAEL A. TOPP  Bar No. 148445 |
| | SIGRID IRÍAS BAR NO. 129319 |
| 3 | One Market Plaza |
| | Steuart Tower, 8th Floor |
| 4 | San Francisco, California 94105 |
| | Telephone: (415) 781-7900 |
| 5 | Facsimile: (415) 781-2635 |
| 6 | Attorneys for Defendant |
| | ST. PAUL FIRE AND MARINE |
| 7 | INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>Defendant. | CASE NO. C08 02621 JW<br><br>**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ADMINISTRATIVE MOTION FOR AN ORDER SHORTENING TIME IN WHICH TO HAVE HEARD A MOTION TO EXTEND DISCOVERY CUTOFF DUE TO PLAINTIFF'S AND THIRD PARTY'S LATE PRODUCTION OF DOCUMENTS**<br><br>**[L.R. 6-3 AND 7-11]**<br><br>Place: Courtroom 8<br><br>Before: The Honorable James Ware |

Defendant St. Paul Fire and Marine Insurance Company hereby moves, pursuant to L.R. 6-3 and L.R. 7-11, for an order shortening time in which to have heard a motion to extend the discovery cutoff for ninety days. St. Paul's motion to extend the discovery cutoff for ninety days

was filed on March 3, 2009 and scheduled to be heard on April 13, 2009.  By this application, St. Paul seeks to have the date of that hearing advanced to March 16, 2009.

This motion is based on this administrative motion, the accompanying memorandum, the papers filed in support of the motion now set for hearing on April 13, 2008 (Docket entry 65), including the supporting Declaration of Sigrid Irias filed therewith (Docket entry 66), the Declaration of Sigrid Irías filed herewith, and on the pleadings and papers on file in this action.

## I.   STATEMENT OF RELIEF SOUGHT

St. Paul requests that the court advance the hearing date on the motion presently scheduled for April 13, 2009, so as to allow the hearing to occur on March 16, 2009, on shortened time.

## II.   REASONS FOR REQUESTED ORDER SHORTENING TIME

An extension of the discovery deadline is necessary to allow depositions to be scheduled after St. Paul's counsel has an opportunity to review the late-produced documents (and still-being-produced documents) as described in the motion currently set for hearing on April 13, 2009 (Document Nos. 65 and 66).  It is also necessary to avoid duplicative motion practice and to minimize inconvenience to third party witnesses.

A stipulation to the extension of the discovery cutoff sought was requested.  Infor's counsel has not agreed to the extension.[1]  A stipulation to have the motion to extend the deadline heard on shortened time was sought, but was not agreed to.[2]  Rather, after the stipulation to have this motion heard on shortened time was sought, Infor filed a motion to quash the already-scheduled depositions, and then filed an *ex parte* application to stay those depositions, making it all the more important that the discovery deadline be extended.

Unless the hearing date is advanced, and additional time in which to complete discovery is allowed, St. Paul will have to proceed to take the depositions as currently scheduled to occur between March 18 and April 8, 2009.

---

[1] Document 66, Irías Declaration, Para. 39. On March 3, 2009, counsel for Infor confirmed that Infor would not agree to any extension of the discovery cutoff.
[2] Irías Declaration dated March 6, 2009, filed in support of this ex parte application, at Para. 4.

### III.   FACTUAL BACKGROUND

**A.   The Parties**

Infor is the successor in interest to E.Piphany, Inc., and to SSA Global, companies that O'Melveny & Myers LLP represented in seven litigated matters spanning between the fall of 2003 and late 2006.[3]

**B.   Plaintiff's Damages Claims**

In this breach of contract suit, Infor alleges that St. Paul is responsible for legal expenses E.Piphany incurred in the defense of just **one** of the **seven** underlying cases: *Sigma Dynamics, Inc. v. E.Piphany, Inc.*, U.S.Dist.Ct., N.D.Cal., Case No. 04-00569 ("*Sigma v. E.Piphany*").[4] That case was filed on February 14, 2004. E.Piphany tendered the defense to St. Paul in July 2004. Sigma dismissed the case in July 2005.[5] St. Paul has been required to seek documents relating to **all seven** cases because, despite the court's order that St. Paul owed a duty to defend in just one of those cases, Infor's damages claims include all of the O'Melveny & Myers LLP invoices for all seven matters that O'Melveny handled, from October 2003 through October 2006, for a grand total of over $8 million, less a setoff of $3,993,581.70 ordered by the San Mateo Superior Court in one of the cases in which E.Piphany was the plaintiff.[6] According to Infor, the rejected tender of *Sigma v. E.Piphany* includes fees for the six other cases because the cases are "interrelated." St. Paul, of course, is entitled to discovery on this "interrelated" theory for which plaintiff bases $4,147,807.19 in damages on.

**C.   Infor's Claim That It Has No Documents Other Than Those Held By O'Melveny**

On or about February 17, 2009, in response to St. Paul's interrogatories, Infor refused to identify what portion of the $8 million in its total fees relates to the defense of *Sigma Dynamics, Inc. v. E.Piphany, Inc.*, U.S.D.C., N.D.Cal., Case No. 04-00569, instead telling St. Paul that St.

---

[3]   Irías Declaration, Para. 2. (Document 66.)
[4]   In its summary judgment order, the court found that St. Paul had a duty to defend E.Piphany in the *Sigma v. E.Piphany* case (Docket 55), not in any of the other six underlying cases. E.Piphany was the plaintiff in four of the seven cases, so there was nothing to defend in those matters. Another of the cases was a Delaware Chancery Court proceeding that occurred in 2006, long after the *Sigma v. E.Piphany* case had been dismissed.
[5]   Irías Declaration, Para. 2. (Document 66.)
[6]   Infor's response to Interrogatory No. 2, Ex. S to March 3, 2009 Irias Decl.; also, Para. 33 of Irías Decl.

1  Paul should sift through the documents (which at that point had not yet been produced by

2  O'Melveny) in order to figure out Infor's damages claims.[7]  Infor produced no documents other

3  than those provided by O'Melveny & Myers since providing these interrogatory responses, and

4  has informed St. Paul's counsel that it has none.

5  **D.    The Current Discovery Schedule, With A Cutoff of April 15, 2009**

6        On January 7, 2009, the court set a discovery cutoff of April 15, 2009,[8] a period of only

7  98 days, in which the parties were required to conduct all damages discovery in a case in which

8  the plaintiff, Infor Global Solutions (Michigan), Inc., seeks to recover damages from St. Paul Fire

9  and Marine Insurance Company in the amount of $4,147,807.19 plus interest.[9]

10       On January 12, 2009, St. Paul served discovery requests on Infor and on Infor's

11 predecessor's agents,[10] and St. Paul has continuously worked diligently ever since then.

12       On February 20, 2009, the very first documents were produced in response to those

13 discovery requests. During the week of February 23, approximately twenty boxes of copies of

14 documents – or a little over 42,000 pages – were received by St. Paul's attorneys, and more are

15 coming. All of these have to be reviewed and digested before depositions can be taken. Infor has

16 identified 16 percipient witnesses to its damages claims.[11] Given the current April 15 cutoff,

17 depositions of these witnesses have been noticed, and witnesses subpoenaed, for depositions to

18 take place between March 18 and April 8, 2009. Infor made no objection to the deposition

19 notices until March 4, 2009, when counsel for Infor filed a motion to quash the deposition

20 subpoenas.[12] Infor's ex parte motion to stay the depositions until after April 7, 2009 followed.

21 **E.    The O'Melveny Attorneys Infor Identified as Witnesses**

22       In response to interrogatories, Infor identified sixteen percipient witnesses, including

23 twelve who are either current or former O'Melveny attorneys.

---

[7] Ex. S to March 3, 2009 Irias Decl.

[8] Order Vacating Case Management Conference, filed January 7, 2009. (Document 59.)

[9] Infor's CMC statement, filed January 5, 2009. (Document 56.)

[10] Document 66, Irías Declaration, Para. 33. All facts referenced in this application are set out in the Declaration of Sigrid Irias filed in support of the Motion to Extend Discovery Cutoff. (Docket entry no. 66).

[11] Exhibit S to Irias Declaration filed in support of the Motion to Extend Discovery Cutoff (Document 66).

[12] *See* Motion to Quash Deposition subpoenas Dues Tecum served by defendant St. Paul on Numerous Nonparty Witnesses or Motion for protective order (Docket entry no. 67)

### F. Infor's Motion to Prevent the Witnesses It Identified From Being Deposed.

On March 3, 2009, Infor filed a combined motion to quash and for a protective order seeking to stop the depositions of fifteen percipient witnesses it identified in its interrogatory responses. This motion was set for hearing on April 7, 2009. On March 6, 2009, Infor moved *ex parte* for an order staying the depositions of those the fifteen witnesses – scheduled to take place between March 18 and April 9 – until *after* the April 7, 2009 hearing.

## IV. THE ORDER SHORTENING TIME IS WARRANTED AND NECESSARY

### A. INFOR'S MARCH 6 2009 APPLICATION APPEARS TO CONCEDE THAT DISCOVERY SHOULD BE EXTENDED.

Plaintiff's March 6 filing appears to recognize the discovery cannot be completed before discovery cutoff, noting that "if [Infor's] ex parte motion is granted and later Infor's motion to permanently prohibit the depositions is denied, then the depositions can later be taken within whatever time frame to which the Court may extend the discovery cut-off date."[13] Expediting the decision of whether to continue the April 15 discovery deadline would give all parties certainty on the schedule leading up to trial, and avoid last minute confusion by both the parties and the fifteen witnesses over their schedules.

## V. CONCLUSION

St. Paul respectfully requests that the requested order shortening time be granted.

DATED: March 6, 2009                    SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: _____/s/_____
      Sigrid Irías
    Attorneys for Defendant
    ST. PAUL FIRE AND MARINE INSURANCE
    COMPANY

---

[13] Motion to Quash Deposition subpoenas Dues Tecum served by defendant St. Paul on Numerous Nonparty Witnesses or Motion for Protective Order, p.3 (Docket entry no. 67)