UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., <br><br> Plaintiff, <br><br> v. <br><br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Defendant. | Case No.: C 08-02621 JW (PVT) <br><br> **ORDER GRANTING DEFENDANT ST. PAUL FIRE & MARINE INSURANCE COMPANY'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES** <br><br> [Docket No. 106] |

## INTRODUCTION

Defendant St. Paul Fire and Marine Insurance Company moves to compel further responses to certain interrogatories. ("St. Paul"). Plaintiff Infor Global Solutions (Michigan), Inc. opposes the motion. ("Infor"). On April 28, 2009, the parties appeared for hearing. Having read the papers and considered the arguments of counsel, defendant St. Paul's motion to compel is granted.[1]

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

# BACKGROUND

The law firm of O'Melveny & Myers LLP represented plaintiff Infor's predecessors, E.piphany and SSA Global, from October 2003 to October 2006 in seven underlying actions filed in four jurisdictions. The various actions related to Customer Relationship Management ("CRM") software that was acquired and later developed by E.piphany. After development of the software at E.piphany, certain of its employees then left the company to form a new company named Sigma Dynamics, Inc. Sigma soon offered a competitive product to the CRM software. In parallel and sequential actions pending in state and federal court, the parties alleged, *inter alia,* claims for false advertising as to which company had originated the software and further alleged claims for misappropriation of trade secrets. E.piphany later proved that Sigma and its employees had misappropriated trade secrets and E.piphany was able to defeat Sigma's false advertising and disparagement claims. The actions were settled and E.piphany recovered approximately $4 million in attorneys' fees and costs pursuant to the Uniform Trade Secrets Act. Sigma later went out of business. Legal expenses for defense of all of the various actions totaled more than $8 million.

In the first amended complaint in the above-captioned action, plaintiff Infor alleges that the insurance company, defendant St. Paul, breached its duty to defend <u>one</u> of the underlying actions styled as *Sigma Dynamics, Inc. v. E.piphany, Inc.,* United States District Court, Northern District of California, San Francisco Division, Case No. C 04-0569 and pay all necessary and reasonable defense costs. ("*Sigma I*"). Legal expenses for this action alone totaled more than $4 million. *Sigma I* was filed on February 14, 2004 and its defense was tendered on July 22, 2004. On May 31, 2005, O'Melveny & Myers obtained summary judgment on behalf of Infor's predecessor in the *Sigma I* action.

On December 16, 2008, the district court in the above-captioned action found that St. Paul had breached its duty to defend E.piphany in the *Sigma I* action. As liability has been determined, the amount of defense expenses are now at issue.

# DISCUSSION

Defendant St. Paul moves to compel further responses to interrogatory nos. 7 through 18. Specifically, defendant St. Paul seeks to obtain more detailed responses relating to the allocation of

legal fees and costs among the various underlying actions. Defendant St Paul objects to plaintiff Infor's contention that a breakdown of legal fees and costs among the various actions is impossible because, *inter alia,* "[a]ll six *Sigma* actions were interrelated and legal expenses cannot be allocated to a single legal action where the same legal expenses related to or benefited more than a single action." Moreover, rather than providing the requested and necessary information, plaintiff Infor merely refers defendant to 671 pages of legal invoices generated by O'Melveny & Myers over a period of three years. Defendant St. Paul also complains that many of the entries on the legal invoices are "block-billed."

Plaintiff Infor asserts that it is unable to provide further responses to certain interrogatories because it cannot provide information it does not have.[2] Plaintiff states that O'Melveny & Myers prepared the legal invoices under one matter number and did not segregate its billing by lawsuit. Ongoing depositions of attorneys at O'Melveny & Myers and former employees at E.piphany support plaintiff's contention that invoiced legal expenses cannot be segregated by action. Indeed, plaintiff notes that defendant St. Paul is legally obligated to pay all of the post-tender sums incurred by E.piphany in the various interrelated actions.

> Generally, the insured, as the party seeking relief, carries the burden of proving the amount of costs incurred in the defense of an action. 'By contrast, in the exceptional case, wherein the insurer has breached its duty to defend, it is the insured that must carry to burden of proof on the existence and amount of the . . . expenses, which are then presumed to be reasonable and necessary as defense costs, and it is the insurer that must carry the burden of proof that they are in fact unreasonable or unnecessary.

*The State of California, et al. v. Pacific Indemnity Co.,* 63 Cal. App. 4th 1535, 1548-1549 (1998)(internal citations omitted). *See also, KLA-Tencor Corp. v. The Travelers Indemnity Company of Ill.*, 2004 WL 1737297 *4 (N.D. Cal.). Here, the district court has found that St. Paul has breached its duty to defend. And plaintiff Infor has met its burden of proof by producing the legal invoices arguably incurred in the defense of *Sigma I*. However, *Sigma I* was not an independent action. It was related to, and involved parallel and sequential actions, which are reflected in the numerous legal invoices. E.piphany's counsel O'Melveny & Myers apparently

---

[2] Plaintiff Infor's objections to the declaration of Sigrid Irias are overruled. *See* Docket No. 120.

billed the matter under one number and did not segregate the billing into individual actions. Therefore, in its responses to certain interrogatories, plaintiff merely states that the *Sigma* actions were interrelated and legal expenses cannot be allocated into individual legal actions since some legal expenses related to or benefited more than one action. As such, defendant St. Paul argues that it is unable to carry its burden of proof and show that some, if not all, of the defense costs are unreasonable or unnecessary.

Although plaintiff is not obligated to create something that doesn't exist, the Federal Rules require that it make a good faith effort to meet its discovery obligations. *See* Rule 26 of the Federal Rules of Civil Procedure. *See also, KLA-Tencor Corp. v. The Travelers Indemnity Company of Ill.*, 2004 WL 1737297 at *6 (KLA must make a good faith effort to separate its costs.). As reflected by plaintiff's scant production of documents which was originally limited to 671 pages of legal invoices and later supplemented by an electronic database (also produced by the non-party O'Melveny & Myers) as well as a box of documents located by in-house counsel, plaintiff has not made sufficient efforts to locate other documents which might clarify which legal costs might be allocated to specific actions and which cannot. Moreover, plaintiff's blanket response to interrogatory nos. 7-18 that all of the actions are interrelated and cannot be isolated into billings for the individual actions does not mean that some of the billing entries cannot be attributed to certain actions and other entries cannot. Indeed, on at least two prior occasions, defendant has shown that the law firm of O'Melveny & Myers undertook efforts to segregate the legal expenses among the various actions. Apparently, deposition testimony also reflects that certain expert testimony was limited to an action pending in San Mateo Superior Court and not the *Sigma I* action. Accordingly, defendant St. Paul's motion to compel further interrogatory responses is granted.

## CONCLUSION

For the foregoing reasons, defendant St. Paul's motion to compel is granted. Plaintiff Infor shall serve supplemental interrogatory responses no later than May 18, 2009.

IT IS SO ORDERED.

Dated: May 11, 2009

PATRICIA V. TRUMBULL
United States Magistrate Judge