UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., <br><br> Plaintiff, <br><br> v. <br><br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Defendant. | Case No.: CV 08-02621 JW (PVT) <br><br> **ORDER GRANTING DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS** |

**INTRODUCTION**

Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") moves to compel further production of documents. Plaintiff Infor opposes the motion. ("Infor").[1] On April 28, 2009, the parties appeared for hearing. Having read the papers and considered the arguments of counsel,

---

[1] On April 20, 2009, plaintiff Infor administratively moved for leave to file objections to the supplemental declarations of Sigrid Irias and for leave to file sur-replies in opposition to defendant St. Paul's motion to compel further interrogatory responses and its motion to compel further production of documents. Plaintiff Infor included the sur-replies in its administrative motion. In part, because defendant St. Paul raises the issue regarding production of the draft declaration for the first time in its reply, plaintiff Infor's administrative motion for leave to file objections and for leave to file sur-replies is granted. Plaintiff Infor's objections to the supplemental declarations are overruled.

ORDER, *page 1*

1  defendant St. Paul's motion to compel further production of documents is granted.[2]

## BACKGROUND

### I. FACTS UNDERLYING THE INSTANT CIVIL SUIT

The law firm of O'Melveny & Myers LLP represented E.piphany, Inc. from October 2003 to October 2006 in six interrelated and underlying actions. ("E.piphany"). E.piphany was later acquired by SSA Global Technologies, Inc., which later merged with plaintiff Infor. ("SSA Global"). Plaintiff Infor alleges that E.piphany's legal expenses for the six interrelated and underlying actions totaled more than $8 million.

Plaintiff Infor recovered approximately $4 million from the Sigma Dynamics ("Sigma") in one of the interrelated and underlying actions.

In the above-captioned action, the district court has found that defendant St. Paul had a duty to defend one of the six underlying actions, known as *Sigma I*. *See E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*, 590 F.Supp.2d 1244, 1254 (N.D. Cal. 2008). As such, plaintiff Infor now seeks recovery of all necessary and reasonable legal expenses incurred in defense of *Sigma I*.

### II. HISTORY OF INFOR'S PREDECESSOR COMPANIES

In 2003, E.piphany was engaged in a series of parallel and sequential lawsuits against Sigma. In 2005, SSA Global acquired E.piphany, and therefore, became involved in the various lawsuits against Sigma. In 2006, plaintiff Infor acquired SSA and its subsidiary, E.piphany. At that time, SSA Global's Associate General Counsel, Gwen Nielsen, became Infor's Associate General Counsel with continued responsibility for supervising all litigation related to E.piphany and Sigma. (Nielsen Decl. ¶¶ 2, 4).

### III. DISCOVERY MATERIALS PRODUCED THUS FAR AND DOCUMENTS REMAINING

On December 18, 2008, plaintiff Infor produced approximately 671 pages of invoices it had obtained from the law firm of O'Melveny & Myers LLP. ("OMM"). OMM represented E.piphany in the six interrelated and underlying actions which spanned from October 2003 to October 2006.

On January 12, 2009, defendant St. Paul served on Infor its first set of requests for

---

[2] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 2*

production of documents. The document requests included 33 categories of documents relating, *inter alia,* to the six interrelated and underlying actions. ("document request"). At that time, plaintiff Infor produced no responsive documents, and instead, claimed that it had no responsive documents or that any responsive documents it had were privileged.

OMM also provided defendant St. Paul with a password to an on-line repository of additional documents related to its representation of E.piphany in the six interrelated and underlying actions. The repository reportedly encompassed thousands of documents.

In or around April 6, 2009, plaintiff Infor produced additional (and recently located) documents. The documents included one large box of files that had been maintained by Andrew Sherman, the former general counsel of E.piphany. Apparently the documents had been retrieved from an off-site storage facility located in Chicago.

Even more recently, Ms. Nielsen has been able to recover some emails that originated from 2005 and 2006 when she was employed at SSA Global. Those emails have now been produced to defendant St. Paul. (Nielsen Decl. ¶ 10).

In addition to the documents set forth in the document requests, defendant St Paul seeks production of the following documents:

- intra-office emails, including emails to and from Andrew Sherman (E.piphany's former general counsel);
- correspondence with other insurers to whom E.piphany tendered the claim;
- corporate board meeting minutes where the underlying litigation was discussed;
- communications between E.piphany's in-house counsel and the lawyers at OMM; and
- voluminous other documents related to the underlying litigation.

**LEGAL STANDARDS**

Rule 34 of the Federal Rules of Civil Procedure states that a party may serve on any other party a request for documents." Fed. R. Civ. P. 34(a). The documents sought must be within the scope of Rule 26(b). *Id.* Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002). Unless a party objects to producing any documents requested, it must produce the requested documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

## DISCUSSION

As discussed above, plaintiff Infor seeks to recover legal expenses it incurred in defense of *Sigma I*. Plaintiff Infor claims that work done on the six interrelated and underlying actions also benefitted the defense of *Sigma I*. And therefore, defendant St. Paul's duty to defend extends to these other actions as well.

Because defendant St. Paul may bear the burden of showing that certain legal expenses and costs may have been unreasonable or unnecessary, the court finds that the documents sought in the 33 categories of document requests are relevant. *See The State of California, et al. v. Pacific Indemnity Co.,* 63 Cal. App. 4th 1535, 1548-1549 (1998); and *KLA-Tencor Corp. v. The Travelers Indemnity Company of Ill.,* 2004 WL 1737297 *4 (N.D. Cal.). Plaintiff Infor does not dispute the relevance of the documents sought and has not asserted undue burden or expense. Accordingly, defendant St. Paul's motion to compel further production of documents responsive to the 33

categories of documents set forth in set one of its document requests is granted. Plaintiff Infor shall conduct a further search for responsive documents and produce them.

Other specific items sought by defendant St. Paul in its motion to compel are discussed below.

## I.      INTRA-OFFICE EMAILS

Defendant St. Paul seeks intra-office emails between E.piphany and SSA Global that were exchanged during the pendency of the six interrelated and underlying lawsuits. Plaintiff Infor contends that electronic files containing these documents cannot be located on its network computers because of changes to the computer systems when E.piphany was acquired by SSA Global and later by Infor. Apparently, the computer systems lacked back-up tapes for 2005 and 2006. (Nielsen Decl. ¶9).

Plaintiff Infor has a duty to conduct a reasonable search for all relevant items requested by St. Paul. Plaintiff Infor's only basis for not providing this information is simply that they cannot locate it. It needs to show that it has conducted a diligent search for responsive documents. Plaintiff Infor has not alleged that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case." *See* Fed. R. Civ. P. 26(b)(2)(iii).

While changes in the corporate form may have caused the computer network systems to have changed, Infor has not explained what happened to the electronic files that previously existed. Ms. Nielsen claims that the old computer systems from E.piphany and SSA Global are "no longer in use," and that "[n]o records could be found on Infor's corporate computer systems . . ." (Nielsen Decl. ¶ 9). However, plaintiff Infor has not provided any information related to the search it has conducted.

Additionally, the recent recovery of archived emails of Ms. Nielsen suggests that some emails from that time period may be within plaintiff Infor's "custody, possession, or control." Plaintiff Infor has not shown why Ms. Nielsen's emails were recovered but emails from other employees involved in the underlying litigation matters could not be recovered. Accordingly, plaintiff Infor shall conduct a further search and produce any responsive documents.

## II.     BOARD MEETING MINUTES

Plaintiff Infor does not state any specific objection to board meeting minutes in its opposition. Instead, it contends that it has no responsive documents.

Because plaintiff Infor alleges that the underlying actions are interrelated and defendant St. Paul may be liable for the legal expenses of all the actions, how the Board of Directors of E.piphany viewed the underlying actions is relevant. Accordingly, plaintiff Infor shall conduct a further search for these documents (including contacting corporate counsel for E.piphany who may have maintained board meeting minutes) and produce any responsive documents to defendant St. Paul.

### III. CORRESPONDENCE WITH OTHER INSURERS

Defendant St Paul insurer may show offsets for legal expenses and costs paid by other insurers. This information is relevant in determining the scope of liability. Accordingly, plaintiff Infor shall conduct a search and produce any responsive documents.

### IV. COMMUNICATIONS BETWEEN E.PIPHANY'S IN-HOUSE COUNSEL AND OMM

Document request numbers 9-12 seek all documents relating to communications between Infor and its attorneys in four of the underlying actions between E.piphany and Sigma. Initially, plaintiff Infor objected to the document requests on the grounds of attorney-client privilege and attorney work-product. However, plaintiff Infor further states that it is unable to locate any responsive documents. It believes any responsive documents were produced by OMM pursuant to the January 12, 2009 subpoena. In the opposition to this motion, however, plaintiff Infor waives its objections and assertions of privilege to the production of documents.

Defendant St. Paul may review and dispute defense costs that it believes were unnecessary or unreasonable. Such a review may include an assessment of legal strategy and tactics discussed between E.piphany and its counsel to determine how and to what extent the underlying actions may be related. Therefore, these communications are relevant. Accordingly, plaintiff Infor shall conduct a further search and produce any responsive documents.

### V. DRAFT DECLARATION OF RYAN PADDEN

In its reply brief, defendant St. Paul asks this court to compel plaintiff Infor to further produce a draft declaration prepared by present Infor counsel for OMM attorney Ryan Padden. Mr. Padden worked on the underlying actions between E.piphany and Sigma and testified during his

recent deposition that he declined to sign a declaration regarding, *inter alia,* his view of the relationship between the interrelated and underlying actions. Defendant St. Paul asserts that the draft declaration is responsive to document request nos. 5 through 12.

Initially, plaintiff Infor declined to produce the draft declaration on grounds of attorney work-product. In the sur-reply, plaintiff Infor claims that the draft declaration is not relevant, especially since it is unsigned.

Because the scope of liability is at issue and the draft declaration may relate to the arguable relationship among the underlying actions, the draft declaration is relevant. The actual reasons OMM refused to execute the declaration and that it is unsigned may affect its weight as evidence. In addition, plaintiff Infor's claim of work-product is without merit. Therefore, plaintiff Infor shall produce the draft declaration.

### VI. INFOR'S CLAIM THAT IT CANNOT LOCATE RESPONSIVE DOCUMENTS

Plaintiff Infor states that it will not be able to comply with any court order compelling it to produce responsive documents because it simply has no responsive documents within its custody, possession, or control. However, Mr. Lowe's letter of March 6, 2009, acknowledges that responsive documents (in this case, accounting records) are likely within plaintiff Infor's possession, custody, or control, and identified 3 specific Infor offices as locations where they might be stored. Accordingly, plaintiff Infor shall conduct a further search and produce responsive documents.

### CONCLUSION

Plaintiff Infor shall conduct a further search for documents responsive to the 33 categories of documents set forth in set one of defendant St. Paul's request for production of documents. In addition, plaintiff Infor shall produce specific documents responsive to the categories set forth above. The search shall include, but is not limited to, plaintiff Infor's former offices located in Georgia, Massachusetts and Illinois. Plaintiff Infor shall produce any responsive documents no later than May 29, 2009.

IT IS SO ORDERED.

Dated: May 15, 2009

PATRICIA V. TRUMBULL

United States Magistrate Judge