UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.: C 08-02621 JW (PVT)<br><br>**ORDER RE (1) PLAINTIFF INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.'S *EX PARTE* MOTION FOR PROTECTIVE ORDER; (2) PLAINTIFF INFOR'S MOTION FOR PROTECTIVE ORDER PROHIBITING USE OF PRIVILEGED MATERIALS; AND (3) DEFENDANT ST. PAUL FIRE & MARINE INSURANCE COMPANY'S MOTION TO COMPEL** |

　　　　Plaintiff Infor Global Solutions (Michigan), Inc. moves *ex parte* for a protective order, or in the alternative, to quash further deposition of Gwen Nielsen.[1] ("Infor"). Ms. Nielsen was previously deposed on May 5, 2009. ("May 5, 2009 deposition"). In sum, plaintiff Infor asserts that the notice for further deposition was improper and untimely. Additionally, Ms. Nielsen was previously deposed for more than seven hours. Plaintiff Infor further moves for protective order to prohibit the use of inadvertently produced documents.

　　　　Defendant St. Paul Fire and Marine Insurance Company opposes the *ex parte* motion. For its

---

[1] Plaintiff Infor moved *ex parte*, in part, because the notice of further deposition was scheduled for June 12, 2009. ("June 12, 2009 deposition"). In opposition, defendant St. Paul advises that the deposition will not proceed on that date and plaintiff should not plan to appear for deposition. Defendant St. Paul reasons that plaintiff Infor has stated that the deposition will not proceed on June 12, 2009 and that it plans to advance its motion to compel. As such, the court need not rule on whether to stay the deposition.

ORDER, *page 1*

1  part, defendant St. Paul moves to compel further deposition of Ms. Nielsen on the following
2  grounds: (1) Ms. Nielsen was unable to answer questions regarding topics identified in the Rule
3  30(b)(6) notice; (2) plaintiff Infor has since produced numerous and additional documents pursuant
4  to an order dated May 15, 2009; (3) plaintiff Infor has declined to produce any other witness
5  pursuant to the Rule 30(b)(6) notice; and (4) at the conclusion of the May 5, 2009 deposition,
6  defendant St. Paul reserved the right to resume the deposition of Ms. Nielsen in the event additional
7  documents were produced.[2]

8  Having reviewed the papers and considered the arguments of counsel, plaintiff Infor's two
9  motions for protective order and defendant St. Paul's motion to compel shall be heard on
10 Wednesday, June 24, 2009 at 10AM.  Oppositions to the respective motions shall be filed no later
11 than June 16, 2009.  Replies, if any, shall be filed no later than June 19, 2009.

12 The parties shall meet and confer in advance of the scheduled hearing.[3]  "'Meet and confer'
13 or 'confer' means to communicate directly and discuss in good faith the issue(s) under the particular
14 Rule or order . . . [t]he mere sending of a written, electronic, or voice mail communication, [], does
15 not satisfy a requirement to 'meet and confer' or 'confer' . . . [r]ather, this requirement can be
16 satisfied only through direct dialogue and discussion-either in a face to face meeting or in a
17 telephone conversation." Civ. L.R. 1-5(n).

18 IT IS SO ORDERED.

19 Dated:  June 11, 2009

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Because the motion to prohibit use of inadvertently produced documents was electronically filed today, defendant St. Paul has not yet had the opportunity to respond to this motion. However, the topic of the motion is related to plaintiff Infor's *ex parte* motion and defendant St. Paul's motion to compel.  Therefore, the court will specially set all three motions and allow an opportunity for each of the parties to respond.

[3] In the event the parties agree to schedule a mutually-agreeable date for further deposition of Ms. Nielsen, they shall promptly notify the court so that the specially-set hearing may be vacated. The parties may agree to schedule her deposition after the discovery cut-off date.

ORDER, *page 2*