UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., <br><br> Plaintiff, <br><br> v. <br><br> ST. PAUL FIRE & MARINE INSURANCE COMPANY, <br><br> Defendant. | Case No.: C 08-02621 JW (PVT) <br><br> **ORDER DENYING PLAINTIFF INFOR'S MOTION FOR PROTECTIVE ORDER PROHIBITING FURTHER DEPOSITION AND USE OF PRIVILEGED MATERIALS; AND ORDER GRANTING DEFENDANT ST. PAUL'S MOTION TO COMPEL** <br><br> **[Docket Nos. 144, 146 and 150]** |

Plaintiff Infor Global Solutions (Michigan), Inc. moves for protective order prohibiting further deposition and use of privileged materials. ("Infor"). Defendant St. Paul Fire & Marine Insurance Company moves to compel further deposition. ("St. Paul"). On June 24, 2009, the parties appeared for hearing. Having reviewed the papers (including an *in camera* inspection of privileged documents lodged by plaintiff Infor) and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiff Infor's motion for protective order prohibiting further deposition and use of privileged materials is denied and defendant St. Paul's Motion to compel is granted.[1]

Following the Rule 30(b)(6) deposition of plaintiff Infor's associate general counsel, Gwen

---

[1] The holdings of this court are limited to the facts and particular circumstances underlying the present motions.

ORDER, *page 1*

1  Nielsen, on May 5, 2009, plaintiff Infor produced in excess of 200,000 documents. The Nielsen
2  deposition lasted approximately seven hours. At the conclusion of the Nielsen deposition, defendant
3  St. Paul reserved the right to resume her deposition in the event additional documents were later
4  produced.[2]

5  Further production of documents was made pursuant to an order granting defendant St.
6  Paul's motion to compel further production of documents dated May 15, 2009. ("May 15, 2009
7  Order"). At the hearing on the motion, plaintiff Infor represented to the court that there were no
8  more responsive documents to the various document requests at issue. The court ordered plaintiff
9  Infor to conduct a further search for responsive documents and to produce them no later than May
10  30, 2009.

11  An apparent concern about the court-imposed deadline caused plaintiff Infor to serve
12  defendant St. Paul with numerous documents as well as a compact disc containing other documents
13  without any internal review whatsoever. Specifically, plaintiff Infor states that "it was unable to
14  view the files because of the substantial size of the folders containing emails in .pst form that needed
15  to be viewed through and install Microsoft Outlook application program." Reply at 6. Plaintiff Infor
16  further states that "the DVD was produced to St. Paul's counsel based on a reasonable belief that it
17  did not contain any privileged materials." *Id.* It produced the compact disc to defendant St. Paul on
18  May 29-30, 2009 and did not qualify the production with any "clawback" notice for privileged
19  documents. Plaintiff Infor did not seek relief from the court to extend the production date and did
20  not inform defendant St. Paul of the problems it had had in opening the compact disc and reviewing
21  the documents contained therein. Indeed, after having sought to obtain an agreement from defendant
22  St. Paul to not oppose an application for an extension of time to produce responsive documents,
23  plaintiff Infor later notified defendant St. Paul that the review seemed to be going well.

24  Upon review of the documents (including those contained on the compact disc), defendant
25  St. Paul determined that some privileged documents had been produced. It ceased further review of
26  the documents therein and made certain efforts to notify plaintiff Infor on June 5 and June 8. On

27
28  _____
   [2] Approximately a week before the May 5, 2009 Nielsen deposition, the parties had appeared before the court on defendant St. Paul's motion to compel further production of documents. At the conclusion of the hearing, the motion was taken under submission.

June 10, 2009, plaintiff Infor served defendant St. Paul with a substitute disc and a privilege log. From May 30, 2009 (the original date of the supplemental production) until June 5 and 8 (the dates on which plaintiff Infor was notified by defendant St. Paul that privileged documents had been produced), it does not appear that any efforts were made to open the compact disc so that an internal review might occur.

Rule 502 of the Federal Rules of Evidence states that inadvertent disclosure "does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure, and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).

Rule 26(b)(5)(B) provides as follows:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B).  The advisory committee notes state that "[t]he courts have developed principles to determine whether, and under what circumstances, waiver results from inadvertent production of privileged or protected information."  2000 Amendment, Advisory Committee Notes to Fed. R. Civ. P. 26.

Under Rule 502 set forth above, plaintiff Infor has not shown that it undertook any reasonable steps to prevent disclosure here.  Rather, plaintiff Infor admits that it took a chance that privileged documents would not be on the compact disc it produced because privileged documents had not been located during past reviews of previously produced documents.  In addition, when plaintiff Infor experienced problems in opening the compact disc, it neither sought relief from the court nor did it seek to enter into a non-waiver agreement with defendant St. Paul.  Indeed, plaintiff Infor did not even notify defendant St. Paul of the difficulties it had experienced in trying to open

1  the compact disc in the first place, but nevertheless produced it.  Finally, plaintiff Infor has not
2  described any further efforts it made between May 30, 2009 and June 8, 2009 to open the compact
3  disc and to review of any of the documents produced.

4        Plaintiff Infor complains that defendant St. Paul's "exhaustive discovery demands within a
5  limited time" accounted for the inadvertent production.  However, plaintiff Infor was ordered to
6  produce documents pursuant to defendant St. Paul's motion to compel.  And during the April 28,
7  2009 hearing on the motion, plaintiff Infor represented that there were no more responsive
8  documents.

9        The court notes that 227 attorney-client privileged emails (or four percent of the entire
10 document production) were produced as part of a large electronic production that encompassed five
11 thousand email files and that plaintiff Infor served a substitute compact disc with a privilege log
12 within days of being notified of the inadvertent production.  The court also notes that "[l]oss of the
13 attorney-client privilege in a high stakes, hard-fought litigation is a severe sanction and can lead to
14 serious prejudice." *Rhoads Industries, Inc. v. Building Material Corp. of America, et al.,* 254 F.R.D.
15 216, 227 (E.D. Pa. 2008).  However, "[t]he privilege, [], is not absolute.  The privilege may be
16 waived by the client either implicitly, by placing privileged matters in controversy, or explicitly, by
17 turning over privileged documents." *Gomez v. Vernon,* 255 F.3d 1118 (9th Cir. 2001).  "[T]he
18 privilege will be 'preserved if the privilege holder has made efforts 'reasonably designed' to protect
19 the privilege . . . Conversely . . . the privilege will be deemed to be waived if the privilege holder
20 fails to pursue all reasonable means of preserving the confidentiality of the privileged matter.'" *Id.*
21 The law does not require 'strenuous or Herculean efforts,' only 'reasonable efforts.' *Hynix*
22 *Semiconductor, Inc. v. Rambus, Inc.,* 2008 WL 350641 *1-2 (N.D. Cal., Feb. 2, 2008).  Here, on
23 balance, and using a "holistic reasonableness analysis," the court finds that plaintiff Infor has waived
24 the privilege for the reasons described above.  *See Burlington Northern & Santa Fe Ry. Co. v. U.S.*
25 *Dist. Court for Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005)(factors should be applied in the
26 context of a holistic reasonableness analysis).  Accordingly, plaintiff Infor shall produce the above-
27 specified privileged documents no later than August 7, 2009.

28       IT IS FURTHER ORDERED that defendant St. Paul may further depose plaintiff Infor's

1 associate general counsel, Gwen Nielsen, pursuant to Rule 30(b)(6). A further deposition may
2 encompass the five new topics set forth in the June 8, 2009 deposition notice. Alternatively,
3 plaintiff Infor may elect to designate other witnesses to testify on those specific topics.
4   The parties shall meet and confer to determine a mutually agreeable date and time to conduct
5 the deposition, but in any event, no later than September 30, 2009. The deposition shall not exceed
6 seven hours.

7   IT IS SO ORDERED.
8 Dated:   August 3, 2009
  
  PATRICIA V. TRUMBULL
9 United States Magistrate Judge